## Alta Friendly Society, Appellant, *v.* James Brown, Administrator of Sarah Brown, deceased.

*Beneficial association—False application for membership—Warranty.*

An application for membership in a beneficial association which in terms states said application " to be full and true . . . . and if any statement is found to be untrue the contract shall be ipso facto null and void," etc., is a clear warranty as to all facts contained in the application and an application which represents the applicant as being fifty-nine years of age, when in fact she was seventy, is a complete bar to recovery.

Argued April 25, 1898.   Appeal, No. 153, April T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No. 820, on verdict for plaintiff.   Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ.   Reversed.

Assumpsit.   Before WHITE, P. J.

The facts sufficiently appear in the opinion of the court. Verdict and judgment for plaintiff for $160.50.   Defendant appealed.

*Error assigned* among others was (2) in charging the jury as follows : " The defense is that she represented her age as fifty-nine years, when she was seventy.   Now, there being no warranty as to her age, to take that clause as referring to her application, it would have to be a fraudulent statement, for the very purpose of deceiving this association.   It does not appear, but I suppose that the monthly instalment would depend largely upon the age of the person.   In this case she was to pay 112 cents every month."

*L. K. Porter,* with him *S. G. Porter,* for appellant.—The application was not attached to the certificate of membership, but as the defendant is a beneficial association it has been held it does not come under the provisions of the Act of May 11, 1881, P. L. 20, sec. 1, requiring the application to be attached to the certificate given the assured: Beatty v. Sup. Com. W. O. of Golden Cross, 154 Pa. 484 ; Donlevy v. Sup. Lodge Shield of Honor, 1 D. R. 213.

In the application dated April 1, 1891, assured, in answer to question two, gave her date of birth as January 8, 1832, age fifty-nine, and in the same paper states " I hereby warrant the above statements and answer to be full, complete and true," etc.  Now we submit that for the court in its oral charge to the jury to say: " There is no warranty as to her age and there being no warranty the statement as to her age would have to be a fraudulent statement for the very purpose of deceiving this association," was error, and put upon the defendant company not only the burden of proving that the assured's statement as to her age in the application was untrue, but that she made the statement fraudulently and with an intention of deceiving the defendant.

*J. Welfred Holmes*, for appellee.

OPINION BY REEDER, J., July 29, 1898 :

This suit is by Daniel Brown, as administrator, of Sarah Brown, deceased, to recover from the defendant, an incorporated beneficial association, $150, which the defendant agreed to pay to her legal representative or to any person who might be designated by her after her death.

At the time she became a member of this association, she signed an application in conformity with the by-laws, which application contained a warranty as to the facts stated in it. In this application she stated that her age was fifty-nine years. Upon the trial, proof was adduced showing that she was seventy years of age at the time that she represented herself in her application but fifty-nine.  In charging the jury at the conclusion of the trial, the trial judge said that this was not a warranty as to her age, and in order to defeat her right to recover it would have to be shown to be a fraudulent statement made for the special purpose to deceive this association. This is practically the only assignment of error that it is necessary for us to consider.  At the time the application was filed, it was stated therein that the applicant warranted both statement and answer " to be full and true, . . . and if any statement was found to be untrue the contract shall be ipso facto null and void, and all moneys paid shall be forfeited to the society."

This is a clear warranty as to all the facts contained in the application for membership in the association. And if in the application she represented herself as being fifty-nine years of age, when in point of fact she was seventy years of age, it was a complete bar to her right to recover.

The learned judge, therefore, erred in his instructions to the jury and the assignment of error must be sustained and the judgment reversed, and a venire facias de novo awarded.