# Hall, Appellant, *v.* Mutual Reserve Fund Life Association.

*Insurance—Life insurance—Suicide.*

Where a policy of life insurance excepts as a risk death of the insured by his own hand " whether voluntary or involuntary, sane or insane at the time," with a stipulation that in such case a sum equal to the premiums paid by the insured, with interest, shall be payable, and also provides that if the policy shall have been " in continuous force for three years from its date, it shall thereafter be incontestable and indisputable, except for fraud or nonpayment of dues," death of the insured by suicide committed nine years after the date of the policy will avoid the policy, except as to the claims for premiums and interest.

Argued Oct. 14, 1901. Appeal, No. 45, Oct. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 101, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Kate V. Hall v. Mutual Reserve Fund Life Association. Before RICE, P. J., BEAVER, SMITH, W. W. PORTER and W. D PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance.

From the record it appeared that the policy in suit contained the following provisions :

" If this Certificate, or Policy of Insurance, shall have been in continuous force for three years from its date, it shall thereafter be incontestable and indisputable except for fraud, or nonpayment of dues or mortuary premium at the times and in the manner herein stipulated, provided the age of the member is correctly stated in the application therefor."

" Death of the member by his own hand, whether voluntary or involuntary (except while gunning with one or more persons), sane or insane at the time, is not a risk assumed by the Association in this contract, but in every such case there shall be payable, subject to all the conditions of this contract, only a sum equal to the amount of the premiums paid by said member, with six per cent interest added."

The appellant filed an affidavit of defense in which it was stated that the insured committed suicide in February, 1900. The policy was issued on July 3, 1891.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William H. Wilson* and *Owen J. Roberts*, for appellant.—After the expiration of three years the policy became incontestable : Mutual Reserve Fund Life Association v. Payne, 32 S. W. Repr. 1063 ; Mareck v. Mutual Reserve Fund Life Assn., 64 N. W. Repr. 68 ; Sun Life Ins. v. Taylor, 56 S. W. Repr. 668 ; Goodwin v. Provident Savings Life Assurance Society, 66 N. W. Repr. 157 ; Bates v. United Life Ins. Assn., 37 N. E. Repr. 824 ; Simpson v. Life Ins. Co. of Virginia, 20 S. E. Repr. 517.

*James Wilson Bayard*, with him *John G. Johnson*, for appellee.—Suicide by the insured while sane, in the absence of a stipulation to the contrary, will prevent recovery upon a policy of insurance : Ritter v. Mut. Life Ins. Co., 169 U. S. 139 ; 18 Sup. Ct. Rep. 300 ; Hopkins v. Northwestern Life Assn. Co., 94 Fed. Repr. 729 ; Hartman v. Keystone Ins. Co., 21 Pa. 466.

By the terms of the policy in suit, only the amount of the premiums paid, with interest, becomes due in case of suicide: Tritschler v. Keystone Mutual Benefit Assn., 180 Pa. 205; Bigelow v. Berkshire Life Ins. Co., 93 U. S. 284; Zimmerman v. Masonic Aid Assn., 75 Fed. Repr. 236; Salentine v. Mutual Benefit Ins. Co., 24 Fed. Repr. 159; Starck v. Union Central Life Ins. Co., 134 Pa. 45.

OPINION BY SMITH, J., January 21, 1902:

Though there has been no little diversity of judicial opinion on the subject, the principles that determine the liability of life insurance companies upon the death of the insured by suicide are now definitely settled. They may be thus summarized:

1. The terms, death by suicide, by self-destruction, by his own hand, have the same meaning as descriptive of the manner of death.

2. When the policy provides that it shall be void if the assured shall die by his own hand, there can be, in the event of suicide, no recovery by his legal representatives. "Even if no such condition had been inserted in the policy, a man who commits suicide is guilty of such a fraud upon the insurers of his life that his representatives cannot recover for that reason alone:" Hartman v. Keystone Ins. Co., 21 Pa. 466; Ritter v. Mutual Life Ins. Co., 169 U. S. 139, 18 Sup. Ct. Repr. 300.

3. But "When the policy is silent as to suicide, it will not for such act be avoided as against the wife of the deceased, who is the nominated beneficiary:" Morris v. State Mutual Life Ins. Co., 183 Pa. 563.

4. When the policy provides that it shall be void if the insured shall die by his own hand, or by suicide, but with no reference to his mental condition at the time of committing the act, suicide due to insanity will not avoid the policy: American Life Ins. Co. v. Isett, 74 Pa. 176; Connecticut Mutual Life Ins. Co. v. Groom, 86 Pa. 92; Mutual Life Ins. Co. v. Terry, 15 Wall. 580; Charter Oak Life Ins. Co. v. Rodel, 95 U. S. 232; Manhattan Life Ins. Co. v. Broughton, 109 U. S. 121. (3 Sup. Ct. Repr. 99.)

5. When the policy provides that it shall be void if the insured shall die by suicide, felonious or otherwise, sane or insane, suicide by the insured will avoid the policy, though he be

insane at the time : Starck v. Union Central Life Ins. Co., 134 Pa. 45 ; Tritschler v. Keystone Mut. Ben. Assn., 180 Pa. 205 ; Sargeant v. National Life Ins. Co., 189 Pa. 341 ; Bigelow v. Berkshire Life Ins. Co., 93 U. S. 284 ; Travellers' Ins. Co. v. McConkey, 127 U. S. 661.

" If they [the insurers] are at liberty to stipulate against hazardous occupations, unhealthy climates, or death by the hand of the law, or in consequence of injuries received while intoxicated, surely it is competent for them to stipulate against intentional self-destruction, whether it be the voluntary act of an accountable moral agent or not:" Bigelow v. Ins. Co., supra.

In the case before us, the policy expressly specifies two risks that are not assumed by the insurers : 1. " Death of the member by his own hand, whether voluntary or involuntary (except while gunning with one or more persons), sane or insane at the time." 2. " Death from or by reason of wounds received while in the military or naval service of the United States, or within six months from date of such wounds." The only liability assumed with respect to death from these causes is for a return of the premiums paid, with interest when death is due to suicide.

The affidavit of defense alleges that the death of the insured was caused by his own hand, voluntarily ; that he committed suicide. It is unquestionable that the effect of this was to avoid the policy, except as to the premiums paid, with interest. The affidavit admits an indebtedness to this extent, specifies the amount due, alleges a tender, and avers a readiness to pay.

But, the policy having been in continuous force for nearly nine years from its date, the plaintiff contends that this defense is barred by the following clause :

" If this certificate or policy of insurance shall have been in continuous force for three years from its date, it shall thereafter be incontestable and indisputable except for fraud, or nonpayment of dues or mortuary premium at the times and in the manner herein stipulated, provided the age of the member is correctly stated in the application therefor."

We cannot give this clause the effect contended for by the plaintiff. By its terms, it is not the claim for the amount for which the life is insured, irrespective of the cause of death, that is made incontestable ; it is merely such claim as may arise un-

der the policy, that is placed beyond contest, except on the grounds specified. The policy provides for alternative claims: (1) For the whole amount of insurance, upon the death of the insured from any of the risks assumed; (2) for the amount of premiums paid, upon his death from either of the two risks not assumed, with interest when the death is from suicide. The defendant's undertaking is to pay such claim as the cause of death shall give rise to. It is in no way enlarged by the clause relating to incontestability. That clause operates only as a waiver, after three years, of any defense to either claim, except on the grounds therein specified. It does not convert an exception of any risk into an assumption of it, or bar defense to a claim on a risk not assumed. It gives no warrant for reading into the contract a liability expressly excepted from it.

In Sargeant v. National Life Ins. Co., 189 Pa. 341, the policy provided that "Death as the result of engaging in a duel, or in violation of law, or self-destruction within two years from date hereof, whether sane or insane, are not risks assumed by the company under this contract; otherwise this policy will be incontestable except for fraud or non-payment of premium." The insured committed suicide within two years. It was held that there could be no recovery. The effect of the clause relating to incontestability was not considered, a claim arising from self-destruction within two years being obviously outside of its provisions.

The order discharging the rule for judgment is affirmed.