## Doll *v.* Prudential Insurance Company of America.

*Insurance—Life insurance—Statement as to age.*

In an action upon a life insurance policy brought more than three years after its date, it appeared that the policy covenanted to pay a certain sum as provided in a designated schedule. The schedule provided as follows: "Sum insured on the above terms and subject to correction for misstatement of age, $110." The policy was by its terms incontestable after three years. The affidavit of defense averred that the insured made a mistake in giving her age, and that the company was willing to pay only the amount of insurance purchased by her premiums based on her true age, the correction being made in pursuance of the schedule. The court below entered judgment for the plaintiff on the ground that the company was liable for the amount indicated by the numerals in the policies, and that to permit a correction as required by the defendant would be to violate the clause providing for incontestability. *Held,* to be error.

Argued Oct. 28, 1902. Appeal, No. 2, Oct. T., 1902, by the Prudential Insurance Company, from order of C. P. Lebanon Co., Sept. T., 1901, No. 86, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Jacob Doll, Administrator of Mary Schiebel, Deceased, v. The Prudential Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense averred:

That while the defendant company in said policies of insurance thereby promised to pay to the representatives of the insured the sum mentioned in the third column of the schedule contained in said policies of insurance, being respectively the sums of $115 and $110, for the recovery of which said sums this action has been brought, yet said policies of insurance were granted upon the applications made by the insured, wherein she declared and warranted that her statements and representations were complete and true, and should form the basis of the contract of insurance between herself, the said applicant, Mary Schiebel, and the defendant company, and agreed to accept the

policies of insurance that were granted thereon by said defendant company, in pursuance of her said applications, subject to the restrictions, conditions and agreements contained therein.

That in said policies of insurance issued as aforesaid, it was agreed to by the said Mary Schiebel and the defendant company that said policies shall be void if any of the representations upon which said policies were granted were not true, and that the said defendant company issued said policies of insurance upon the terms and provisions contained therein, with the right unto itself to make correction for the misstatements of age, as the same might have been at the time of effecting said policies of insurance, and to make payment upon the basis of the amount of insurance that would have been purchased by the premiums paid at the insured's real age at the time of effecting said insurance.

That in the applications made by the insured for said policies of insurance, the applicant, Mary Schiebel, upon whose life the insurance was written, represented her age in her first application to have been on August 9, 1886, sixty-one years, and in her second application she represented her age to have been on December 20, 1886, sixty-two years.

That the said defendant company is informed, verily believes, avers and expects to be able to prove that the said Mary Schiebel was born, to wit: October 1, 1817, and that at the time of effecting said first policy of insurance with the Prudential Company on, namely, August 9, 1886, she was not of the age of sixty-one years, as said defendant company on, namely, August 9, 1886, was induced to believe, and upon which basis and in consideration of the premiums paid by said Mary Schiebel in purchase of said policy of insurance, it promised to pay the sum of money as provided in the third column of said schedule, but was of the age of, to wit: sixty-nine years, and that at the time of effecting said second policy of insurance with the said defendant company on, namely, December 20, 1886, she was not of the age of sixty-two years, as said defendant company was induced to believe, and upon which basis, and in consideration of the premiums paid by said Mary Schiebel in purchase of said policy of insurance it promised to pay the sum of money as provided in the third column of said schedule, but was of the age of, to wit: seventy years.

436      DOLL *v.* PRUDENTIAL INS. CO.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

That by the aforesaid correction for misstatement of age provided for in said policies of insurance, and agreed to and accepted by the insured, the said Mary Schiebel, and by the statutory enactments of this commonwealth, the said Mary Schiebel, the insured, having been of an increased age, to wit: eight years at the time of effecting the policies of insurance sued upon, the defendant company denies its liability for the sum sued for being respectively $115 and $110 on said policies of insurance with interest thereon from June 15, 1901, but admits its liability for the sum of $72.80 on the first policy of insurance issued on August 9, 1886, with interest from June 15, 1901, and $67.60 on the second policy of insurance issued on December 20, 1886, with interest from June 15, 1901, in accordance with the calculation and adjustment made upon the basis of the amount of insurance that could have been purchased by the premiums paid at the insured's real age at the time of effecting said insurance.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Warren G. Light*, for appellant, cited: Starck v. Union Central Life Ins. Co., 134 Pa. 45; Fowler v. Metropolitan Life Ins. Co., 116 N. Y. 389 (22 N. E. Repr. 576).

*J. M. Funck*, for appellee, cited: Brady v. Prudential Ins. Co., 168 Pa. 645.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:

The two policies of life insurance in suit contain, inter alia, three provisions, upon the effect of which hangs this controversy. The first clause promises to pay " the sum of money as provided in the third column of said schedule." The third column provides, in one policy, " Sum insured on the above terms and subject to correction for misstatement of age, $110." The second policy is the same in this clause save that the amount in figures is $115. Section twelve of both policies makes them incontestable after three years. The defense set up in the affidavit is that the insured made a mistake in giving her age, and

that the company should now pay only the amount of insurance purchased by her premiums based on her true age, the correction being made pursuant to the provision made in the "third column." The court below entered judgment for the plaintiff, holding that the company was liable for the amount indicated by the numerals in the policies, and that to permit a correction as required by the defendant would be to violate the clause providing for incontestability. This was error. Far from being an attack on its validity or obligatory force, the defense is plainly in affirmance of the contract. If mistake in age can be proven, the amount payable, as contended by the defendant, will be arrived at by a method and on a basis explicitly agreed upon by both parties to the writing. This construction does not nullify the clause providing for incontestability.

If the misstatement of age were set up as a breach of warranty, or as violating the contract whereby the company would be relieved from all contractual obligation, a different question would be presented. Here the defendant company says to the plaintiff in effect: "You have a valid policy; we are liable under it according to its terms. Those terms require the amount to be paid by us to be determined on the basis of the true age of the insured. This amount we stand ready to pay." The learned judge of the court below misconstrued some of the expressions in the opinion in the case of Brady v. Prudential Ins. Co., 168 Pa. 645, upon which he based his judgment. The true effect of that decision is to sustain the conclusion indicated by what has been said herein, to which conclusion the case of Starck v. Union Central Life Ins. Co., 134 Pa. 45, is additional support.

The judgment is reversed and a procedendo is awarded.