## Collins, Appellant, v. Metropolitan Life Insurance Company.

*Insurance—Life insurance—Public policy—Execution for murder.*

An ordinary policy of life insurance containing no applicable provision is not a binding contract to insure against a legal execution for crime. This rule is enforced upon the ground of public policy alone, and not out of consideration for the insurance company, to whom the advantage is incidental.

A provision in a life insurance policy that "after two years this policy shall be noncontestable except for the nonpayment of premiums as stipulated, or for fraud," does not prevent the insurance company from con-

testing payment of the policy, where it appears that the insured was executed after proper conviction of murder in the first degree.

Argued Oct. 12, 1904.    Appeal, No. 186, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 2985, discharging rule for judgment for want of a sufficient affidavit of defense in case of Hugh Collins, executor of Robert Kilpatrick, deceased, v. Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a policy of life insurance.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Frederick A. Sobernheimer*, for appellant.—The affidavit of defense was insufficient : Royal Circle v. Achterrath, 204 Ill. 549 (68 N. E. Repr. 492) ; Clement v. New York Life Ins. Co., 42 L. R. A. 247 ; Sun Life Ins. Co. v. Taylor, 56 S. W. Repr. 668 ; Patterson v. Life Ins. Co., 75 N. W. Repr. 980 ; Goodwin v. Provident Life Assurance Society, 66 N. W. Repr. 157 ; Mareck v. Mutual Reserve Fund Life Assn., 64 N. W. Repr. 68 ; Mut. Reserve Fund Life Assn. v. Payne, 32 S. W. Repr. 1063.

*Arthur G. Dickson*, for appellee, cited : Sun Life Ins. Co. v. Taylor, 56 S. W. Repr. 668 ; Amicable Society v. Bolland, 4 Bligh's New Rep. 194 ; Burt v. Union Cent. Life Ins. Co., 187 U. S. 362 (23 Sup. Ct. Repr. 139) ; Ritter v. Ins. Co., 169 U. S. 139 (18 Sup. Ct. Repr. 300) ; Hatch v. Life Ins. Co., 120 Mass. 550 ; Wells v. Ins. Co., 191 Pa. 207.

OPINION BY PORTER, J., March 14, 1905 :

The plaintiff, as executor, brought an action of assumpsit on a policy of life insurance, issued by the defendant company upon the life of Robert Kilpatrick, his decedent, payable upon the death of the insured to his legal representatives.    An affidavit of defense was filed to this action, which the learned judge of the court below held to be sufficient and discharged a rule for judgment, and from that order the plaintiff appeals.

The following facts are, for the purposes of this appeal, to be taken as established.

The defendant, a life insurance company incorporated under the laws of the state of New York, issued the policy in question upon the life of Robert Kilpatrick, of Aston Mills, state of Pennsylvania, on December 30, 1899, agreeing to pay upon the death of the insured, to his legal representatives, the sum of $500. Kilpatrick regularly paid the premiums, as they accrued from time to time, upon the policy until the time of his death. The insured, on February 14, 1902, murdered his housekeeper in the city of Chester, state of Pennsylvania, and for this crime was, in a court of competent jurisdiction, indicted, tried and convicted of murder in the first degree and was on August 25, 1903, in pursuance of said conviction, executed by hanging, according to the law of the state of Pennsylvania. The plaintiff brings this action as the legal representative of the estate of Kilpatrick, alleging that by reason of the death of the latter in the manner aforesaid the amount of the policy has become due and owing to the estate. There was in the policy no clause expressly exempting the company from liability for death resulting from or in consequence of any violation of law by the insured. The policy contained a stipulation that : " After two years this policy shall be noncontestable except for the nonpayment of premiums as stipulated, or for fraud." These are the only facts presented by the record which are material to the consideration of the questions here involved.

The plaintiff demands that one court of the state of Pennsylvania shall enter judgment against the defendant and in favor of the estate of Kilpatrick, because the latter was by another court of competent jurisdiction, of the same state, adjudged guilty of a capital felony, and duly executed according to the law of the state. The plaintiff claims directly under Kilpatrick, the insured, and the rights of no other parties are involved. The present civil action is founded upon the result of the conviction of Kilpatrick of a felonious homicide, and could not be maintained but for the fact of that result. If the insured had been acquitted there would have been no cause of action on the policy. That the insured was guilty of the crime and was justly convicted and executed must for the

purposes of this case be accepted as conclusively established. There can be no recovery upon the ground that there was a miscarriage of justice in the criminal case, and that the policy of insurance was a contract to indemnify against judicial murder. The manifest tendency of insurance of such a character to influence and pervert the course of criminal justice, would render a contract involving it void upon the ground of public policy: Burt v. Union Central Life Insurance Company, 187 U. S. 362 (23 Sup. Ct. Repr. 139). The guilt of Kilpatrick and the justice of his execution must, therefore, be conceded in determining the rights which, upon his death, arose under this contract. Did defendant undertake to pay to the legal representatives of Kilpatrick, in the event of his death under such circumstances ?

There is nothing in the policy which in terms covers the contingency here presented. The learned counsel for the appellant contends that the effect of the clause in the policy, " After two years this policy shall be noncontestable except for the nonpayment of premiums as stipulated or for fraud," is to deprive the insurer, after the expiration of the period mentioned, of every defense founded in the express provisions of the contract or the law applicable to such contracts, against any claim that may be made by the insured or his legal representatives. We cannot give this clause that effect. By its terms, it is not the claim presented by the assured, irrespective of the cause of death, which is made incontestable ; it is merely the validity of the policy, as an obligation binding upon the company. The two years having expired the company could not escape liability by showing that the insured, at the time the contract was made, had mistakenly, not fraudulently, made misstatements as to his family history or age. The effect of the stipulation in question was not to change the covenants of the contract at the expiration of two years. Those covenants are still the contract of the parties, and the liability of this defendant is that which under the law to such covenants attaches : Hall v. Mutual Reserve Fund Life Association, 19 Pa. Superior Ct. 31 ; Doll v. Prudential Insurance Company, 21 Pa. Superior Ct. 434. The question, therefore, is whether an ordinary life policy, containing no applicable special provisions, is a binding contract to insure against a legal execution for crime.

Had the policy expressly insured against this risk: that is, that in consideration of the insured paying a certain sum of money, year by year, the company would, in the event of his committing capital felony, and being tried, convicted and executed for that felony, pay to his legal representatives a certain sum of money; such a contract could not be sustained. It must be held to be void upon principles of public policy. "Would not such a contract (if available) take away one of those restraints operating on the minds of men against the commission of crimes; namely, the interest we have in the welfare and prosperity of our connections? Now, if a policy of that description, with such a form of condition inserted in it in express terms cannot, on grounds of public policy, be sustained, how is it to be contended that in a policy expressed in such terms as the present, and after the events which have happened, that we can sustain such a claim? Can we, in considering this policy, give to it the effect of that insertion, which if expressed in terms would have rendered the policy, as far as that condition went at least, altogether void?" The Amicable Society v. Bolland et al., 4 Bligh's New Rep. 194. A contract, the tendency of which is to endanger the public interests or injuriously affect the public good, or which is subversive of sound morality, ought never to receive the sanction of a court of justice or be made the foundation of its judgment. As a life policy which expressly covenanted against a legal execution of the insured for crime would be void as against public policy, so an ordinary policy, containing no applicable special provisions, is not to be construed as insuring against such a risk. Public policy forbids the insertion in the contract of a condition which would tend to induce crime, and as it forbids the introduction of such a stipulation it also forbids the enforcement of a contract under circumstances which cannot be lawfully stipulated for: Hatch v. Mutual Life Insurance Company, 120 Mass. 550; Wells v. Insurance Company, 191 Pa. 207; Ritter v. Mutual Life Insurance Company, 169 U. S. 139 (18 Sup. Ct. Repr. 300); Burt v. Union Central Life Insurance Company, 187 U. S. 362 (23 Sup. Ct. Repr. 139). The reason for the refusal of the courts to aid one who founds his cause of action upon his own criminal act is because of the public interests involved, which require that the laws against crime be enforced and that the

courts aid no man to take a profit from their violation. The rule is enforced upon the ground of public policy alone, and not out of consideration for the defendant, to whom the advantage is incidental: Coulon v. Morton, 4 Yeates, 24; Mitchell v. Smith, 1 Binn. 110; Scott v. Duffy, 14 Pa. 18; Seidenbender v. Charles, 4 S. & R. 151; Unger v. Boas, 13 Pa. 601; Fowler v. Scully, 72 Pa. 456; Holt v. Green, 73 Pa. 198; Thorne v. Insurance Co., 80 Pa. 15; Columbia Bank & Bridge Co. v. Haldeman, 7 W. & S. 233.

The facts alleged in the affidavit constituted a good defense to the action upon the contract in this case, and the learned judge of the court below very properly discharged the rule for judgment.

The appeal is dismissed at the costs of the plaintiff but without prejudice, etc.