# Central Trust Company *v.* Fidelity Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Incontestability clause—Statement as to age—Act of June 23, 1885, P. L. 134.*

1. A provision in a policy of life insurance that if the policy shall have been in continuous force for three years it shall be incontestable except for nonpayment of premiums, is a reasonable and proper provision, and is not against public policy.

2. Where such a policy contains a table of insurance showing the amount payable in the event of death during any policy year specified, and there is a covenant to pay the sum of money "mentioned in, and in accordance with the table of insurance," and there is also a clause providing that the policy shall be construed according to the laws of Pennsylvania, the insurance company cannot contest in the fourth policy year the payment of the policy on the ground of misstatement of age in the application. In such a case the company will be required

to pay the amount mentioned in the table of insurance, and is not entitled to the benefit of sec. 2 of the Act of June 23, 1885, P. L. 134, which provides that, "Whenever it shall be made to appear that a wrong age has been given in good faith in any application for a policy of life insurance, the company shall not be required to pay the face value of the policy, but such sum as the premium paid would have purchased at the applicant's real age at the time of effecting the insurance."

Argued Oct. 14, 1910. Appeal, No. 114, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 4,145, on verdict for plaintiff in case of Central Trust Company, Trustee, v. Fidelity Mutual Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before KINSEY, J.

The opinion of the Superior Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $445.30. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Ira Jewell Williams*, with him *F. H. Calkins* and *Simpson & Brown*, for appellant.—If the contract was actually formed in Pennsylvania, its laws would become part of the contract so far as respects the nature and extent of its obligation: Sea Grove Bldg. & Loan Assn. v. Stockton, 148 Pa. 146; Newman v. R. R. Co., 15 Pa. C. C. Rep. 625.

When the policy provides that it shall "be incontestable after two years for the sum payable hereunder," it means the adjusted amount and not the face of the policy: Doll v. Insurance Co., 21 Pa. Superior Ct. 434.

*Frederick J. Shoyer*, with him *Henry Arronson*, for appellee.—The appellant is precluded by the terms of the

policy from setting up any alleged misstatement of the insured, as to her age, as a basis for altering the sum of money mentioned in the policy. The defense that a policy was obtained by fraud or false statements of the assured cannot be made in an action on a policy containing an incontestable clause, unless such a defense is expressly excepted from the operation of such clause by the terms of the policy: Mass. Benefit Life Association v. Robinson, 42 L. R. A. 261; Wright v. Mutual Benefit Life Assn., 43 Hun, 61; Teeter v. Ins. Assn., 11 N. Y. App. Div. 259; Brady v. Ins. Co., 168 Pa. 645.

It must be noted here that the policy in question does not have the clause that there was in the case of Doll v. Prudential Insurance Co., 21 Pa. Superior Ct. 434. In the Doll case the agreement was to pay "sum insured on the above terms and subject to correction for misstatement of age, $110."

OPINION BY RICE, P. J., March 3, 1911:

In her application, which was made part of the policy and a copy of which was attached thereto, the insured stipulated that the truthfulness of each statement therein was material to the risk, and warranted each and every statement to be full, complete and true. One of the statements was that she was born on June 4, 1847. It appears by the proofs of death, which the defendant offered in evidence generally, and the defendant also offered to prove otherwise, that the insured was born on June 4, 1844. Both of these offers were objected to and rejected on the ground that the incontestability clause of the policy precluded an inquiry into the truthfulness of the insured's statement as to the date of her birth. The clause provides that "if this policy shall have been in continuous force after two years from the date hereof, it shall, in the event of the death of the insured, be incontestable for the sum payable hereunder, except for nonpayment of premium." The words of the application upon the same subject are: "Provided always that if the necessary pay-

ments be made to keep said policy in force it shall, in the event of my death, be incontestable after two years for the sum payable hereunder." There is on the second page of the policy a table of insurance showing the amount payable in the event of death during any policy year specified, and the express agreement of the company, as stated in the first lines of the policy, is "to pay the sum of money mentioned in, and in accordance with, the Table of Insurance on the second page hereof." As the fourth year of the policy had been entered on at the death of the insured and the premiums, excepting for that year, had been paid, the incontestability clause had come into operation. The propriety of the rejection of the defendant's offers of evidence depends upon the true construction of that clause and particularly the words "the sum payable hereunder." In the absence of any provision of the contract qualifying them, they would plainly mean the sum mentioned in the table of insurance. There is such qualifying provision in one of the conditions of the policy, which entitles the company to deduct from the sum payable thereunder the unpaid portion of the year's premium, and it is argued by appellant's counsel that there is another in that clause of the application which reads: "The contract contained in such policy and in this application shall be subject to and be construed according to the laws of the state of Pennsylvania." If this clause be construed as importing into the contract all of the laws of Pennsylvania applicable to all policies based upon applications containing misstatements as to age, it would enable the insurer to successfully defend against any recovery whatever by proof that the misstatement as to age was not made in good faith, and to defend, pro tanto, even though the plaintiff showed that it was made in good faith. A construction which would render the incontestability clause nugatory is not to be adopted unless imperatively required by the language of some other clause of the policy. It is plainly not required. The clause relative to the applicability of the laws of Pennsylvania in the construction

of the contract plainly means the whole policy with the incontestability clause in it, not the policy independently of that clause.   In other words, the law of Pennsylvania governing the construction of the policy is the law of that state governing the construction of policies containing such clause.   But it is contended that the parties had in mind sec. 2 of the Act of June 23, 1885, P. L. 134, and intended to make it a part of the policy as fully as if it had been written into the contract.   The section reads as follows: "Whenever it shall be made to appear that a wrong age has been given in good faith in any application for a policy of life insurance, the company shall not be required to pay the face value of the policy, but such sum as the premium paid would have purchased at the applicant's real age at the time of effecting the insurance."   It will be observed that the language of the section confines it to cases in which a wrong age has been given in good faith.   But it can scarcely be supposed that the parties intended that if the jury should determine that the misstatement was made in good faith the sum payable under the policy should be determined by the act of 1885, and if they should determine that it was made in bad faith the sum payable under the policy should be determined by the table of insurance.   The unreasonableness of the conclusion to which such a construction would lead is a weighty argument against its adoption.   A further argument against it is found in the well-understood purpose of the incontestability clause.   Its purpose is not to preclude inquiry into the truthfulness or good faith of the statements made in the application, but to fix a time within which such inquiry shall be made.   This is unquestionably a matter concerning which the parties may contract, and such contracts have been upheld as reasonable and proper, and not against public policy.   The principle involved is thus expressed in Wright v. Mutual Benefit Life Association of America, 118 N. Y. 237; 6 L. R. A. 731: "No doubt the defendant held it out as an inducement to insurance by removing the hesitation in the minds of many prudent

men against paying ill afforded premiums for a series of years; and in the end, and after the payment of premiums, the death of the insured, and the loss of his and the testimony of others, the claimant, instead of receiving the promised insurance, is met by an expensive lawsuit to determine that the insurance which the deceased has been paying for through many years has not, and never had, an existence except in name. While fraud is obnoxious, and should justly vitiate all contracts, the courts should exercise care that fraud and imposition should not be successful in annulling an agreement to the effect that if cause be not found and charged within a reasonable and specific time establishing the invalidity of the contract of insurance, it should thereafter be treated as valid." In Murray v. State Mutual Life Insurance Co., 22 R. I. 524; 53 L. R. A. 742, it was said that the insertion of such a provision in the policy is virtually saying to the insured, "We will take two years in which to ascertain whether your representations are false or not, and whether you have been guilty of any fraud in obtaining the policy; and if, within that period, we cannot detect any such falsity or fraud, we will obligate ourselves to make no further inquiry, and to make no defense on account of them." Again, in Reagan v. Union Mutual Life Ins. Co., 189 Mass. 555; 2 L. R. A. (N. S.) 821, it is said, citing many cases: "Such a provision is reasonable and proper, as it gives the insured a guaranty against possible expensive litigation to defeat his claim after the lapse of many years and at the same time gives the company time and an opportunity for investigation to ascertain whether the contract should remain in force. It is not against public policy as tending to put fraud on a par with honesty." The construction given by these and many other cases to the clause is recognized in our own decisions. In a case where the clause was "if the insured shall die three or more years after the date hereof, and after all due premiums shall have been received by the company, the policy shall be incontestable," our Supreme Court, through Mr. Justice WILLIAMS,

said: "In considering this question, it is important to remember that the application for insurance and the acceptance of it by the company, which is evidenced by the policy, constitute, when taken together, the contract. If the representations as to age, state of health, or general physical condition, on which the policy was issued, turn out to be untrue, the right of his representative to recover may be contested for that reason and the company may deny its liability under a policy so obtained. The twelfth clause puts a limit upon the time when such objections may be made. If the insured lives for three years and pays all moneys due from him in the meantime, then the statements made in the application are taken to be true. They are no longer contestable. The policy is to be held to be a good and valid contract binding upon the company according to its terms. In case of death happening after three years, the policy, if suit be brought upon it, is not to be defeated by inquiry into representations on which it was based, but the company must be held to performance:" Brady v. Prudential Ins. Co., 168 Pa. 645. Another well-settled principle of construction is to be noticed. If a policy is so drawn as to require interpretation and to be fairly susceptible of two different constructions, the one will be adopted which is most favorable to the insured. Prima facie, the covenant to pay the sum mentioned in the table of insurance controls, and an exception which would take the case out of the operation of the covenant ought not to be made unless that was the clear intent of the parties. Applying the principle here, it certainly cannot be said with any degree of certainty that the clause relating to the applicability of the laws of Pennsylvania was intended to modify or qualify the general covenant stated at the outset of the policy.

The case of Doll v. Prudential Ins. Co. of America, 21 Pa. Superior Ct. 434, is not in conflict but in entire accord with the foregoing conclusions. There the policy covenanted to pay a certain sum as provided in a designated schedule, and the schedule provided as follows: "Sum in-

sured on the above terms and subject to correction for misstatement of age, $110." It is thus seen that the covenant itself fixed the amount of recovery according to the age of the insured at the date of the policy, and, therefore, the incontestability clause did not preclude inquiry as to that question of fact.

The assignments of error are overruled and the judgment is affirmed.