# McCreighton, Appellant, *v.* American Catholic Union.

*Insurance—Life insurance—Death through immoral act—Abortion.*

Where a policy of insurance contains the provision that "If the member shall die at any time in consequence, directly or indirectly, of his or her immoral, intemperate or criminal action, this certificate shall be void," and a further stipulation that "This certificate shall be incontestable after two years from its date if all due premiums shall be paid, except in case of fraud, and provided the member still has the qualification necessary to membership of the American Catholic Union," the death of the insured, over six years subsequent to the issuance of the last policy, caused by a self-inflicted abortion, will avoid the policy.

Argued April 22, 1918. Appeal, No. 19, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., April T., 1917, No. 2068, refusing appeal from judgment of County Court of Allegheny Co. in the case of Catherine Mc-Creighton v. American Catholic Union, Incorporated. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to show cause why appeal should not be allowed from judgment of the County Court of Allegheny Co. Before EVANS, J.

From the record it appeared that the plaintiff brought an action of assumpsit on an insurance policy in the County Court of Allegheny Co. The county court gave judgment for the defendant without filing an opinion. A petition to allow an appeal was presented to the Court of Common Pleas which was refused. Plaintiff appealed.

The facts and the material portions of the insurance policy are sufficiently set forth in the opinion of the Superior Court.

*Error assigned* was order of the court refusing appeal from judgment of the county court.

*John F. Gloeckner,* and with him *L. K. & S. G. Porter,* for appellant.—The insured did not commit suicide, or die by reason of a criminal act: Commonwealth v. Weible, 45 Pa. Superior Ct. 207; Krebs v. Insurance Co., 249 Pa. 330; Life Ins. Co. v. Groom, 86 Pa. 92; Life Ins. Co. v. Isett, 74 Pa. 176; Michigan M. L. I. Co. v. Naugle, 130 Ind. 79; Penfold v. Universal L. I., 85 N. Y. 317.

The incontestability clause was binding on defendant: Loyal Americans of the Republic v. Jennie Mayer, 137 Ill. A. 574; Goodwin v. The Assurance Assn., 97 Ia. 226; Mareck v. Life Assurance, 62 Minn. 39; Hall v. Life Assurance, 19 Pa. Superior Ct. 31; Lawler v. The Home Life Ins. Co., 59 Pa. Superior Ct. 409; Central Trust Co. v. Insurance Co., 45 Pa. Superior Ct. 313.

*B. H. Feldstein,* and with him *James Francis Burke,* for appellee.—The incontestability clause does not deprive the insurance company of its defense against an action, brought on account of the death resulting from an immoral act of the insured: Collins v. Metropolitan Insurance Company, 27 Pa. Superior Ct. 353; Wells v. Insurance Company, 191 Pa. 207; Hall v. Life Assurance Co., 19 Pa. Superior Ct. 31.

OPINION BY PORTER, J., April 21, 1919:

This is an action by the beneficiary named in two policies of insurance issued by the defendant corporation, upon the life of Mrs. Mary A. McIsaac, who was the daughter of the plaintiff. The action was brought in the County Court of Allegheny County, which court, after a hearing, entered judgment in favor of the defendant. The plaintiff thereupon presented her petition, fully setting forth the facts, to the Court of Common Pleas, praying for leave to appeal, that court granted a rule to show cause why the appeal should not be al-

lowed, which rule it discharged, after a hearing, and refused to allow an appeal. The plaintiff appeals from that order.

There was no dispute as to the facts at the trial in the county court, no testimony was taken, the parties having agreed upon the following facts. Mrs. McIsaac had obtained one of the policies on March 4, 1907, and the other on April 19, 1909, and continued to be a member in good standing of the defendant association and paid all the premiums on the policies up to January 30, 1916, when she died, as the result of an abortion, self-inflicted. The policies contained the following covenant: "If within two years from the date hereof the member has died by suicide, whether sane or insane, this certificate shall be void. If the member shall die at anytime in consequence, directly or indirectly, of his or her own immoral, intemperate or criminal action, this certificate shall be void." The company defended upon the ground that the death of the insured resulted directly from her own immoral act, and that, under the above covenant it was not liable for the loss. The plaintiff, while admitting the truth of the allegation, contended that the defendant was not exempted from liability by the covenant above quoted because of another covenant contained in the policies, viz: "Incontestability . . . . . . This certificate shall be incontestable after two years from its date, if all due premiums have been paid, except in case of fraud, and provided the member still has the qualifications necessary to membership of the American Catholic Union." Does this covenant deprive the defendant of the right to assert a defense founded upon the covenant first above quoted?

That the undisputed facts would, by force of the covenant first above quoted, constitute a complete defense to this action, in the absence of the incontestability clause, is too clear for argument: Wells v. Insurance Company, 191 Pa. 207. The risk of death occurring from the cause here presented was one which the defendant

did not assume.  It was excepted by the express covenants of the policy.  The covenant in question provided for a limited period of time, two years, within which the company should not be liable for death from suicide, but it expressly provided that if the member should die at any time in consequence of his or her own immoral, intemperate or criminal action, the company should not be liable.  This covenant certainly means that as to death resulting from any of the causes last mentioned in the covenant the company should not be liable without regard to the time when such death occurred.  We cannot give to the incontestability clause the effect for which the appellant contends.  It is not the claim presented by the assured, irrespective of the cause of death, which is made incontestable; it is merely the validity of the policy, as an obligation binding upon the company.  The two years having expired the company could not escape liability by showing that the insured, at the time the contract was made, had mistakenly, not fraudulently, made misstatements as to her age, habits, physical condition, family history, and the attendance of physicians.  The effect of the stipulation was not to change the covenants of the contract at the expiration of two years.  Those covenants are still the contract of the parties, and the liability of this defendant is that which under the law to such covenants attaches: Collins v. Metropolitan Life Insurance Co., 27 Pa. Superior Ct. 353; Lawler v. Home Life Insurance Co., 59 Pa. Superior Ct. 409.

The judgment is affirmed.


HEAD, J., dissents.