## Mitchell *v.* Pennsylvania Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Misstatement of age—Incontestability clause—Affidavit of defense—Insufficiency.*

In an action of assumpsit on a policy of life insurance the policy provided that it should be incontestable after two years and constitute the entire contract between the parties. The policy also provided that if the age of the insured has been misstated the amount payable under the policy shall be the amount of insurance which the premium paid would have secured at the correct age of the insured. The defendant averred in its affidavit of defense that the insured stated his age to be fifty, when his correct age was sixty-five; that it was the rule of the defendant company not to insure any one who was over sixty years of age; and that a certain stated smaller amount was the amount of insurance which the premium paid would have secured at the correct age of the insured. The policy was in force more than two years before the death of the insured. In such case the affidavit of defense was insufficient to prevent judgment.

The amount payable at the correct age of the insured not being determinable by the terms of the policy, the defendant company could not go outside the policy to determine that amount.

TREXLER, J., dissents.

Argued March 8, 1927. Appeal No. 35, February T., 1927, by defendant from judgment of C. P. Luzerne County, October T., 1926, No. 1358, in the case of Josephine Mitchell v. Pennsylvania Mutual Life Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before
FULLER, P. J.

The facts are stated in the opinion of the Superior
Court.

Rule for judgment for want of a sufficient affidavit
of defense.

The rule was made absolute. Defendant appealed.

*Error assigned* was the judgment of the Court.

*James K. Peck,* and with him *William J. Brady,* for
appellant.

*Frank L. Pinola,* and with him *Leo W. White,* for
appellee.

OPINION BY KELLER, J., April 22, 1927:

The policy of life insurance on which this action of
assumpsit was based contained, inter alia, two clauses:

"INCONTESTABILITY. This policy, together with the
application therefor, a copy of which is attached to
this policy and made a part hereof, constitutes the
entire contract between the parties, and shall be incon-
testable after two years from the date of its issue, ex-
cept for non-payment of premiums and for engaging
in military or naval service in time of war without
the consent in writing of an executive officer of the
Company and except for death incurred in the viola-
tion of the laws or in consequence of the insured's
own criminal act."

"MISSTATEMENT OF AGE. If the age of the insured
has been misstated the amount payable under this
policy shall be the amount of insurance which the
premium paid would have secured at the correct age
of the insured."

The policy was issued on December 6, 1915. The
insured died on June 2, 1925, with premiums fully

paid, so that the clause as to the incontestability of the policy was in effect.

The defense set up in the affidavit of defense was that the insured had misstated his age; that he had represented in his application for insurance that he was born on August 16, 1866, and would be 50 years old on his next birthday, whereas defendant was informed and believes that he was then in his 65th year; that it was and is the rule and custom of the defendant company not to insure anyone who is over 60 years of age at the time of application and that the said insured knew of that rule and custom and therefore said policy was void; and that under the clause above quoted relative to misstatement of age, the amount which would be payable under the policy is $445.85 and no larger amount could be due the plaintiff.

The learned court below entered judgment for the plaintiff for the amount of the policy, for want of a sufficient affidavit of defense, holding that as the affidavit alleged that sixty years was the insurable age limit of the company, and so the premiums paid could not have purchased any insurance at the true age, it did not involve a mere matter of reduction but a contest of the entire amount, which the clause relating to incontestability prohibited. No reference was made in the opinion to the averment in the affidavit that under the clause relative to misstatement of age the amount which would be payable under the policy was $445.85, and no larger amount could be due the plaintiff.

In our opinion the two clauses of the policy above quoted are not necessarily incompatible. There would be no conflict provided the policy set forth the premium rates applicable to the different ages. In such event, if the insured has misstated his age, the contract is to pay the amount of insurance which the premium paid would have purchased at the true age of the insured and is incontestable within the meaning of that

term, (Central Trust Co. v. Fidelity Mut. Life Ins. Co., 45 Pa. Superior Ct. 313; Feierman v. Eureka Life Ins. Co., 279 Pa. 507), for that amount: Doll v. Prudential Ins. Co., 21 Pa. Superior Ct. 434; Hall v. Mut. Res. Fund Life Assn., 19 Pa. Superior Ct. 31, 34, 35. But this amount must be determined from the policy itself, for the clause relating to incontestability provides that the policy (including the attached application) constitutes the entire contract between the parties. Neither of the parties is permitted to go outside the policy to some other source, or some other company, to calculate the insurance which the premium paid would have purchased at the insured's correct age. The clause in the affidavit which alleged this amount to be $445.85 is not based on the policy nor on the company's established rates of premium and is accordingly of no effect, and insufficient to prevent judgment.

The judgment is affirmed.

TREXLER, J., dissents.