# Sipp, Appellant, *v.* Philadelphia Life Insurance Co.

*Insurance—Life insurance—Misstatement as to age—Incontestability clause—Act May 11, 1881, P. L. 20—Constitution, etc., to be affixed—Rules not affixed—Evidence.*

1. In an action on a policy of life insurance dated January 6, 1911, which provided that the policy shall be incontestable after one year from date, and that, in the event of a misstatement of age, the amount payable should be such sum as the premium actually paid would have purchased at the correct age, an affidavit of defense is sufficient which avers that the insured misstated her age to be fifty when her real age was sixty-five, that the company pursuant to its customs and rules would have insured her at the real age for an amount determined by the company's fixed and certain rates of premium, and that the company was willing to pay that amount.

2. The incontestability clause and the one fixing the amount of recovery in case of misstatement of age, are not inconsistent.

3. In such case it is not necessary that the policy and the attached application should set forth a calculation indicating the amount of the insurance purchasable for the premium designated covering each year from that named as correct by the insured to the possible end of life.

4. The Act of May 11, 1881, P. L. 20, requiring the application, constitution, by-laws and other rules of the company to be affixed to the application or policy, and providing that, "unless so attached and accompanying the policy, no such application, constitu-

SIPP, Aplnt., *v.* PHILA. LIFE INSURANCE CO. 293

tion or by-laws shall be received in evidence,......nor shall such application or by-laws be considered a part of the policy or contract between such parties," does not prohibit the admission in evidence of "rules" of the company not part of the constitution and by-laws, and which were not affixed to the policy.

5. The amount payable in case of misstatement of date of birth is determinable by fixed and definite standards, not subject to shifting or evasion by the company, and proof of tables showing these results is admissible, where made necessary by the insured's incorrect representation of the facts.

*Appeals—Practice, C. P.—Affidavit of defense—Review of merits —Questions of law.*

6. On appeal from order discharging rule for judgment for want of sufficient affidavit of defense, the merits of the controversy are not to be reviewed, nor will the legal questions ordinarily be discussed until an opportunity is had to develop the evidence at trial.

Argued April 17, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 148, Jan. T., 1928, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1925, No. 1910, discharging rule for judgment for want of sufficient affidavit of defense, in case of Katherine V. Sipp v. Philadelphia Life Insurance Co. Affirmed.

Assumpsit on policy of life insurance.

Rule for judgment for want of sufficient affidavit of defense. Before McDEVITT, P. J.

Rule discharged. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Robert V. Bolger,* for appellant.—The policy contract does not set forth either the custom, rule and practice of the company or the method by which defendant seeks to determine the amount it claims to be due plaintiff: Central Trust Co. v. Ins. Co., 45 Pa. Superior Ct. 313; Thompson v. Ins. Co., 136 U. S. 297; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Mowry v. Protective So-

ciety, 27 Pa. Superior Ct. 390; McCaslin v. Ins. Co., 59 Pa. Superior Ct. 475; Southside Trust Co. v. Ins. Co., 74 Pa. Superior Ct. 566; Hohman v. Indemnity Co., 41 Pa. C. C. R. 273; Custer v. Mutual Aid Assn., 211 Pa. 257; Mitchell v. Ins. Co., 90 Pa. Superior Ct. 426; Doll v. Ins. Co., 21 Pa. Superior Ct. 434; Hall v. Life Assn., 19 Pa. Superior Ct. 31.

*Russell Duane,* of *Duane, Morris & Heckscher,* with him *Edward J. Boughton,* for appellee.—The age adjustment provision of this policy should be enforced not only because it forms an integral part of the contract, but for the further reason that this provision is in strict accord with the policy of the law as laid down in a series of Pennsylvania statutes.

The section of plaintiff's policy which provides that it shall be incontestable after the lapse of one year, imposes no restriction on age adjustment at any time: Brady v. Ins. Co., 168 Pa. 645; Hall v. Life Assn., 19 Pa. Superior Ct. 31; McCreighton v. Am. C. Union, 71 Pa. Superior Ct. 332; Doll v. Ins. Co., 21 Pa. Superior Ct. 434.

No known statute or court decision other than that in Mitchell v. Penna. Mutual Life Ins. Co., 90 Pa. Superior Ct. 426, ever required such tables of figures to be inserted in a policy of life insurance as the court intimated to be necessary in that case, nor has such insertion been shown to be customary in the practice of insurance companies.

OPINION BY MR. JUSTICE SADLER, May 7, 1928:

The defendant company executed, on January 6, 1911, a policy of insurance for $3,000 on the life of Julia Lynch, in which her daughter Katherine Sipp, the present plaintiff, was named as beneficiary. In the application, the mother stated her age to be fifty, and on this basis the annual premium was fixed. Prior to her death on March 7, 1919, she borrowed from the company $423,

and this sum was not repaid during lifetime. After the decease of Mrs. Lynch, the beneficiary named made prompt demand for payment of the insurance, and, upon failure of defendant to comply, brought this suit. The defense interposed was a denial of liability for the full sum of $3,000, claiming that the insured had misrepresented her date of birth when the contract was made, being at that time in fact 65, and, under the terms of the policy, the beneficiary was therefore entitled to such amount only as could have been purchased for the premium charged, had a correct statement of the facts been given, a total of $1,585. After deducting the loan from this amount the balance was tendered in satisfaction of further claim. From the order, discharging a rule for judgment for want of a sufficient affidavit of defense, plaintiff has appealed.

The complaint here made is directed to the refusal to enter a summary judgment, and the action of the court below must be sustained unless it appears to have been based on a plain error of law: Yentis v. Mills, 291 Pa. 591. The merits of the controversy are not to be reviewed in such cases, nor will the legal questions ordinarily be discussed until an opportunity is had to fully develop the evidence at trial: Brown v. Unger, 269 Pa. 471. It is only when the right to relief is clear, assuming the facts set forth by defendant to be true, that we will reverse. Appellant claims error was committed in holding that any legal defense has been interposed, and it is the correctness of this assertion we are asked to consider.

The policy upon the life of Mrs. Lynch provided for the payment of a fixed sum at death, less indebtedness due the company, in case the annual premiums named were paid. This, with the application attached, in which the insured represented her age to be fifty, constituted, by express stipulation, the entire contract between the parties. By the former, it was provided that: "This policy shall be incontestable, except for nonpayment of

premiums, after one year from its date," subject, however, to the following condition set forth under the same heading: "If the age of the insured has been misstated, the amount payable hereunder shall be such a sum as the premium actually paid would have purchased at the correct age." The affidavit of defense averred the age of Mrs. Lynch was sixty-five when the contract was entered into, and, under "the practice, rules and custom" of the company, the amount of premium actually charged and paid would have purchased insurance to the amount of $1,585 only, had the true facts been set forth.

Prior to the Act of June 23, 1885 (P. L. 134), a misrepresentation as to age, though sincerely made, would have been ground for forfeiture of the policy (U. B. Mut. Aid Society v. White, 100 Pa. 12), and this was true even thereafter where the insurer was a beneficial association: Dinan v. Supreme Council, 201 Pa. 363; Alta Friendly Society v. Brown, 8 Pa. Superior Ct. 267. The legislation referred to protected the policyholder by providing that, if the wrong date of birth had been given in good faith, the company should "not be required to pay the face value of the policy, but such sum as the premium paid would have purchased at the applicant's real age at the time of effecting the insurance." The contract before us was written on January 6, 1911, while this statute was in force, but went further in permitting a recovery on the corrected basis, irrespective of the honesty of the insured in making the representation. Later (Act June 1, 1911, P. L. 581, section 25, subdivision 5), the privileges of the insured were similarly extended in all cases of incorrect statements of age, and provision was made for adjustment of payments under such circumstances. The General Insurance Law of 1921 (May 17, 1921, P. L. 682, 720, section 410, par. e) requires a like stipulation inserted in every life policy. In the present instance we find the company's demand that its payment be on the basis of the true age, sustained not only by statutory direction, but

by an express condition of the contract itself. Unless other considerations make the suggested correction of the amount due inapplicable, the defendant was justified in reducing it to the sum admitted to be owing.

It is first insisted that there was a waiver of the right to complain of the misstatement as to date of birth, as the policy is made incontestable after one year. Under the same heading there appears a limitation of liability in providing for the adjustment of the sum payable in case of error. If such stipulation did not appear, it might well be that the statutory provision for correction could not be enforced, for the parties could agree that no defense whatsoever should be interposed, and, unless in contravention of some rule of public policy, the contract would control. Such was the situation disclosed in Central Trust Co. v. Fidelity M. L. I. Co., 45 Pa. Superior Ct. 313, and in which the distinction is drawn between the case there presented and one where the policy showed an intent to permit a correction for misstatement, though the time for contest was limited, as appeared in Doll v. Prudential Ins. Co., 21 Pa. Superior Ct. 434. What was said by the court in the last cited decision is applicable here.

The incontestability clause and the one fixing the amount of recovery in case of misstatement of age are not inconsistent. The like question has been the subject of discussion when there appeared a stipulation against liability in case of suicide (Starck v. Union Life Ins. Co., 134 Pa. 45; Hall v. Mutual Reserve Fund, 19 Pa. Superior Ct. 31), relieving from responsibility when loss occurred as a result of performing an immoral act (McCreighton v. Am. Catholic Union, 71 Pa. Superior Ct. 332), or designating the time for bringing suit: Brady v. Prudential Ins. Co., 168 Pa. 645; Mack v. Conn. G. L. Ins. Co., 12 Fed. (2) 416. In all such instances the provisions, also made part of the agreement, have been enforced, notwithstanding the insertion of a stipulation limiting the right to contest. In view of the

contract of the parties here presented, the defendant has the right to adjust the sum payable so as to accord with the amount of insurance purchasable by Mrs. Lynch for the premium paid, based on her correct date of birth, which, for present purposes, we must assume to have been sixty-five, as set forth in the affidavit.

It is urged, however, that the defendant is without power in the present instance to take advantage of the wrong of the insured, since the policy and the attached application fail on their face to set forth the amount of insurance purchasable for the premium fixed by one aged sixty-five, and that this sum cannot be determined by extrinsic evidence, proof of the tables in force definitely determining this fact, or "the practice, rules and custom of the company." This contention rests upon appellant's construction of the Act of May 11, 1881 (P. L. 20), which safeguarded the interests of the insured by directing that, to be effective, limitations of liability must appear in the policy or papers appended and be made part thereof. This statute provided that "the application of the insured, or the constitution, by-laws, or other rules of the company," should be affixed to the contract, "and unless so attached and accompanying the policy, *no such application, constitution or by-laws* shall be received in evidence, in any controversy between the parties to, or interested in, the said policy, nor shall *such application or by-laws* be considered a part of the policy or contract between such parties." This statute, in force when the present agreement was made, though requiring that the "rules" of the company shall be appended, does not provide that proof of their contents should not be received, if there was a failure to affix them, and there was no statutory requirement that they should be, as a condition to their admissibility as proof, until 1921; General Insurance Law, June 1, 1921, P. L. 682, 701, section 318. This last named legislation has no application to the contract before us.

Since the constitutionality of the Act of 1881 was up-held (Hebb v. Kittanning Ins. Co., 138 Pa. 174), this court has frequently sustained the refusal to receive in evidence the charter, constitution or by-laws of insurance companies, by means of which the liabilities of the parties were defined, when not attached to the policy, and a reference to the decisions would serve no purpose. In no case, except one to be later referred to, has proof of a standard, such as now involved, fixing, as required by both contract and statute, the amount payable where the premium was based on an incorrect statement of age, been questioned. The statute provides only for the rejection of unattached constitutions and by-laws, limiting liability, but does not make rules inadmissible. None of the Acts of 1885, 1911 or 1921, already referred to, required that such tables be affixed, though in the last of these it is directed that many matters, deemed essential for a proper understanding by the insured of his rights, be set forth, such as tables showing loan and surrender values after three years, the term of extended insurance if payment of premiums ceases, and other options (section 410). It will be noted that reserve values, not found in the policies, were accepted without discussion in Starck v. Union Ins. Co., supra, and also calculations showing the amount of insurance purchasable at the correct age of deceased in Doll v. Prudential Ins. Co., supra.

Appellant relies upon Mitchell v. Pa. Mut. L. Ins. Co., 90 Pa. Superior Ct. 426, as authority for the proposition that there can be no adjustment based on the true facts as to date of birth, unless there be affixed to the contract schedules showing the exact value which the fixed premium could have earned if the truth had been disclosed. A statement to this effect is found in the decision referred to, but an examination will show that the case turned on the fact that the insured was above the age when any insurance could have been purchased, the company limiting its risks to those under sixty, and,

since "the premiums paid could not have purchased any insurance at the true age, it did not involve a mere matter of reduction, but a contest of the entire amount, which the clause relating to incontestability prohibited." The further suggestion that tables showing the amount purchasable in years other than that fixed by the insured as the correct one may be considered a dictum.

The Act of 1881 was intended to protect against some wrongful concealment by the company of a condition affecting liability. That of 1885 made it liable even though misled by the insured, if he acted in good faith, and later legislation provided likewise, even though the honesty of the insured was not made evident. Both the contract and the statutes provided for readjustment, and no provision for attaching tables to meet possible contingencies, arising from mistakes of the insured himself, appears. The legislation in force, when this contract was made, did not prohibit the admission in evidence of "rules" of the company, not part of the constitution or by-laws, and there is therefore no bar in the present case against showing, on trial, "the practice, rules and custom" to fix, by definite mathematical calculation, the amount of insurance purchasable for a given sum at a certain age. The proof here suggested by the affidavit of defense would not fairly be held to come within the meaning of the statute, as a regulation limiting liability, but is merely a tabulation showing results based on determined figures as to age and premium paid.

To hold the contrary would either negative the provision for adjustment in case of misstatement of date of birth, as provided by statute, and since 1921 necessarily embodied in all contracts of insurance, or would make necessary the affixing to each policy of a calculation indicating the amount of insurance purchasable for the premium designated covering each year from that named as correct by the insured to the possible end of life. It would further require, for the company's protection, the

annexing of a tabulation, for each of these periods, of the loan and surrender values, as well as the extended insurance allowable in case of defaults. Though the preparation of such document would be possible, it is not practicable, and would tend to confuse the insured, when the statutory purpose was to protect him against his own mistakes. The issuance of such contracts and attached exhibits, to meet the contingency of possible errors, honest or otherwise, of the insured, could not have been in contemplation of the legislature when we consider the act was passed for his protection against the company's possible wrongdoing. The amount payable in case of misstatement of date of birth is determinable by fixed and definite standards, not subject to shifting or evasion by the company, and proof of tables showing these results is admissible, where made necessary by the insured's incorrect representation of the facts. It follows that the affidavit in the present case presents a meritorious defense, and summary judgment for the plaintiff was properly refused.

The order appealed from is affirmed.