John Brady *v.* Prudential Insurance Co., Appellant.

168        645
h 21 SC 437

*Insurance—Life insurance—Suit on policy—Time limit.*

A stipulation in a policy of life insurance that, "if the insured shall die three or more years after the date hereof, and after all due premiums shall have been received by the company, the policy shall be incontestable," does not relieve the beneficiary from the necessity of bringing suit on the policy within six months from the death of the assured, as required by a clause of the policy providing that "no suit or action at law or in equity shall be maintainable unless such suit or action shall be commenced within six months after the decease of the person insured; and it is expressly agreed that should any such suit or action be commenced after the expiration of six months the lapse of time shall be deemed conclusive evidence against the validity of such claim."

Argued April 15, 1895.   Appeal, No. 149, July T., 1894, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1890,

No. 494, on verdict for plaintiff.    Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.    Reversed.

Assumpsit on a policy of life insurance.    Before LYNCH, J.

At the trial it appeared that the policy in suit was dated
April 21, 1884.    The assured died on May 4, 1888.    The present suit was begun on Aug. 1, 1890.    The policy contained the
following provisions:

" Ninth. No suit or action at law or in equity shall be maintainable to enforce the performance of this contract until after
the filing in the principal office of the company of the above
mentioned proof of death, nor unless such suit or action shall
be commenced within six months next after the decease of
the person insured under this policy; and it is expressly agreed
that should any suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as
conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

" Twelfth. If the insured shall die three or more years after
the date hereof, and after all due premiums shall have been
received by the company, this policy shall be incontestable."

The court charged in part as follows:

" The court instructs you that the ninth clause of this policy,
providing that suit must be commenced within six months after
death, is qualified and controlled, so far as this case is concerned, by the twelfth clause, and that the ninth clause has
reference to suit upon a policy that had not been issued three
years before the death of the insured.    When the death did
not occur until more than three years after the date of the
policy, the ninth clause does not apply, and it is not essential
that suit be commenced within six months after the death of
the assured." [6]

Defendant's point among others was as follows:

" 1. That the policy offered in evidence contains a condition
that no suit or action at law or in equity shall be maintainable
to enforce the performance of this contract, unless such suit or
action shall be commenced within six months next after the
decease of the person insured under this policy, and the insured
having died on the 4th day of May, 1888, this suit having been

brought on the 1st day of August, 1890, which was more than six months after the death of the insured, the failure to bring this suit within six months after the death of the insured is a bar to this action, and the verdict must be for the defendant. Answer: That point is refused." [1]

Verdict and judgment for plaintiff for $625.   Defendant appealed.

*Errors assigned* among others were (1, 6) above instructions, quoting them.

*E. F. McGovern,* for appellant.—The failure to bring the suit within six months after the death of the insured was a bar to recovery: Cray v. Hartford Fire Ins Co., 1 Blatch. (U. S.) 280; Steen v. Niagara Fire Co., 42 Am. Rep. 297; Thomas v. Prudential Ins. Co., 148 Pa. 594; Warner v. Ins. Co., 1 Walker, 315; Wilson v. Ins. Co., 27 Vt. 99; Hocking v. Howard Ins. Co., 130 Pa. 170; 2 Chitty on Const. 1214; Farmer's Mut. Ins. Co. v. Barr, 94 Pa. 345; Waynesboro Mut. Fire Ins. Co. v. Conover, 98 Pa. 384; Universal Ins. Co. v. Weiss, 106 Pa. 20; Riddlesbarger v. Ins. Co., 7 Wall. 386; Starck Admr. v. Union C. L. Ins. Co., 134 Pa. 45; Wilkinson v. Ins. Co., 72 N. Y. 499; Williams v. Vt. N. Fire Ins. Co., 20 Vt. 222.

*D. L. O'Neill, W. H. Hines* with him, for appellee.—It is a cardinal rule of interpretation that effect should, if possible, be given to each and every part of a contract, so that it may stand as a whole and carry out the intention of the parties: Ins. Co. v. Cropper, 32 Pa. 356.

The condition of the policy being against the statute of limitations of this state, against justice and common right, and being the language of the insurer, it must be construed strictly against her and in favor of the insured: Phila. Tool Co. v. Assurance Co., 132 Pa. 236; Grandin v. Ins. Co., 107 Pa. 38; Ins. Co. v. Mund to use of Biddle, 102 Pa. 94; Imperial Ins. Co. v. Dunham, 117 Pa. 460; Ins. Co. v. Hoffman, 125 Pa. 626; Merrick v. Ins. Co., 54 Pa. 277; Stafford v. Walker, 12 S. & R. 190; Ins. Co. v. Tomlinson, 125 Ind. 84; Baley v. Ins. Co., 80 N. Y. 21; Richards on Ins. sec. 43, p. 53; Livingston v. Sickles, 7 Hill, 253; Ins. Co. v. Brock, 57 Pa. 74; Bole v. Ins. Co.,

159 Pa. 56 ; Dougherty v. Ins. Co., 154 Pa. 385; Roe v. Ins.
Co., 149 Pa. 94; Krug v. Ins. Co., 147 Pa. 272 ; Pickett v. Ins.
Co., 144 Pa. 79 ; Doud v. Ins. Co., 141 Pa. 47 ; Humphreys v.
Benefit Association, 139 Pa. 264; Mears v. Ins. Co., 92 Pa. 15.

In Western Insurance Co. v. Cropper, 32 Pa. 351, it was held
" if an exception in a policy be capable of two interpretations
equally reasonable, that must be adopted which is most favor-
able to the assured, for the language is that of the insurers."
This principle is recognized and approved in Edwards v. Metro-
politan Life Ins., 5 Kulp, 259 ; Com. v. Ins. Co., 2 Lanc. 253 ;
Ames v. N. Y. Union Ins. Co., 14 N. Y. 253 ; The Mayor &c. v.
Hamilton Fire Ins. Co., 39 N. Y. 45 ; Miller v. Hartford Fire
Ins. Co., 70 Iowa, 704 ; Coursin v. Penna. Ins. Co., 46 Pa. 323 ;
Swartz v. Ins. Co., 39 L. I. 264; Commonwealth Ins. Co. v.
Berger et al., 42 Pa. 292; Insurance Co. v. O'Maley, 82 Pa.
401 ; Teutonia Ins. Co. v. Mund to use of Biddle, 102 Pa. 89 ;
Hoffman v. Ætna Ins. Co., 32 N. Y. 405.

OPINION BY MR. JUSTICE WILLIAMS, May 30, 1895:

The sixth assignment of error directs attention to the con-
trolling question in this case.    In the policy of insurance sued
on the ninth clause contains the following provisions, " No suit
or action at law or in equity shall be maintainable unless such
suit or action shall be commenced within six months next after
the decease of the person insured ; and it is expressly agreed that
should any such suit or action be commenced after the expira-
tion of six months the lapse of time shall be deemed conclusive
evidence against the validity of such claim."    The action was
not brought within the time so limited.    This fact was relied
upon by the defendant as an answer to the action.    The learned
judge of the court below held that the provision was a valid
one, and was binding upon the plaintiff unless he was relieved
from its operation, under the circumstances of this case, by a
waiver or by some other stipulation contained in the agreement.

The twelfth clause in the same policy contained this stipu-
lation : " if the insured shall die three or more years after the
date hereof, and after all due premiums shall have been re-
ceived by the company, the policy shall be incontestable."
This stipulation the learned judge held relieved the plaintiff
from the bar of the limitation imposed by the ninth clause and

opened the way to a recovery.    If the insured had died before
the end of three years after the date of his policy then the lim-
itation of the right to sue after six months would have been, in
the view of the learned judge, a good defense ; but having sur-
vived three years and the policy having become incontestable
the right to defend upon the agreed limitation was gone.    The
correctness of this exposition of the twelfth clause in the pol-
icy is the question presented on this appeal.    In considering
this question, it is important to remember that the application
for insurance and the acceptance of it by the company, which
is evidenced by the policy, constitute, when taken together,
the contract.    If the representations as to age, state of health,
or general physical condition, on which the policy was issued,
turn out to be untrue, the right of his representative to recover
may be contested for that reason and the company may deny
its liability under a policy so obtained.    The twelfth clause
puts a limit upon the time when such objections may be made.
If the insured lives for three years and pays all moneys due
from him in the meantime, then the statements made in the
application are taken to be true.    They are no longer con-
testable.    The policy is to be held to be a good and valid
contract binding upon the company according to its terms.    In
case of death happening after three years, the policy, if suit
be brought upon it, is not to be defeated by inquiry into repre-
sentations on which it was based, but the company must be
held to performance.    What then is the undertaking of the
company?    It is to pay if suit be brought within the time stip-
ulated and proper proofs of death are produced.    But suppose
the proofs of death are not sufficient.    The right of the com-
pany to contest its liability on that ground is not affected by
the twelfth clause.    So if the action is not brought within the
time fixed, the company may contest, not the policy but the
plaintiff's right to recover upon it, for that reason.    In this
case therefore the plaintiff started with an incontestable policy.
The defendant said, by way of reply to the action, " yes, you
have a valid policy, but you have not brought your action within
the time you agreed to."    This was prima facie a defense, and
the burden was thereby cast upon the plaintiff to show some
reason why he was not bound by his own covenant.    Unless
he did this to the satisfaction of the court and jury he could

not recover. The provision in the ninth clause which was relied upon to show that the policy was incontestable did not amount to a confession of judgment. It did not deny to the company the right to defend against an action brought upon the policy, except in so far as the defense might rest on a denial of the validity of the policy itself. All other lines of defense remained open to it.

The learned judge gave altogether too broad a scope to the stipulation in the twelfth clause. Under his exposition it not only closed the doors against inquiry into the statements and representations in the application, but it closed the doors against all other defenses.

It made not the policy only, but the right to recover, incontestable. This was error, and for this reason the judgment is now reversed and a venire facias de novo awarded.