## Gorski *v.* Metropolitan Life Insurance Company, Appellant.

*Life insurance—Two year incontestability clause—Recision—Failure to rescind within two years.*

In an action on a life insurance policy, which contained a two year incontestability clause, a verdict for the plaintiff will be sustained, where the only defense was the misrepresentations of the insured as to other insurance, and the company did not repudiate the contract, within the two year period.

In such case evidence of an offer within the two years to return the premiums collected upon condition that the beneficiary execute

a release of her rights in the policy, was immaterial as the insurance company did nothing to repudiate the policy within the period.

The two year clause means precisely what its language states; viz., that the policy will not be challenged, opposed, or litigated, and is indisputable after two years. The knowledge that false representations have been made must be ascertained within the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policy.

Argued April 28, 1926.  Appeal No. 137, April T., 1926, by defendant, from judgment of C. P. Allegheny County, July T., 1924, No. 2279, in the case of Elizabeth Gorski v. Metropolitan Life Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Assumpsit on policy of life insurance.  Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,344.16, and judgment thereon.  Defendant appealed.

*Errors assigned*, among others, were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Clark Miller*, and with him *William H. Eckert*, and *Gordon, Smith, Buchanan & Scott*, for appellant.—The effect of the incontestability clause is to create a short statute of limitations in favor of the insured within which limited period the insurer must if ever test the validity of the policy:  Brady v. Prudential Insurance Co., 168 Pa. 645; Central Trust Co. v. Fidelity Mutual Life Ins. Co., 45 Pa. Superior Ct. 313; Wright v. Mutual Benefit Life Assn., 118 N. Y. 237; Murray v. State Mutual Life Ins. Co., 22 R. I. 524.  Clement v. Insur-

ance Company, 101 Tenn. 22; Massachusetts Life Assn. v. Robinson, 104 Ga. 256.

Such statutory limitation must be raised and relied upon by the person in whose favor it operates in order to become effective: Wood on Limitations, Vol. 1, Section 63; 37 Corpus Juris; Trickett, Law of Limitation in Pennsylvania, Section 292; McIntosh v. Condron, 20 Pa. Superior Ct. 118.

*A. M. Oliver,* for appellee.—The knowledge that false representations have been made must be ascertained within the two years, and in the same time the company by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policies: Feierman v. Eureka Life Insurance Co., 279 Pa. 507; Suravitz v. Prudential Life Insurance Co., 244 Pa. 582; Suravitz v. Prudential Life Insurance Co., 261 Pa. 390; Feinberg v. New York Life Insurance Co., 256 Pa. 61.

OPINION BY LINN, J., July 8, 1926:

Plaintiff has judgment on a verdict against an insurance company on two policies of insurance on her husband's life. The verdict was directed on the ground that the following incontestability clause in the policies was applicable: "This policy (and the application therefor) constitutes the entire contract between the parties and except for non-payment of premiums, shall be incontestable after two years from the date of its issue." The premiums were paid.

The company complains that the court gave binding instructions for the plaintiff, and refused its motions for binding instructions, for judgment n. o. v., and for a new trial. One policy was dated November 24, 1920; the other December 10, 1920. Decedent died February 3, 1922, within two years after the poli-

cies were issued. Suit was brought July 17, 1924, after the two-year period.

The affidavit of defense averred, inter alia, that false and fraudulent answers had been made to questions in the application respecting the existence of other insurance and pending applications for insurance at the time of the application for the policies in suit; and evidence was introduced showing the existence of such insurance and applications. There was no evidence indicating that defendant had done anything to repudiate the policies within the period of two years from their dates. The trial judge therefore held that notwithstanding the evidence of fraudulent misrepresentation, plaintiff was entitled to the benefit of the incontestability provision.

In support of defendant's motion for a new trial, depositions were taken (by leave of court and assent of appellee) apparently to show that within the two-year period, though after the death of the insured, the defendant learned of the alleged false answers and rescinded the contract. These depositions have been filed with the record but do not show what was hoped for; they do not prove rescission. The witnesses testified that plaintiff declined to receive back the premiums which were tendered, and that they were tendered upon condition that she execute a release which would constitute a waiver of all her rights under the policies. The court below considered that evidence insufficient to establish a rescission and, we think, properly so decided. "......The clause means precisely what its language states: the policy will not be challenged, opposed, or litigated, and is indisputable after two years.......The knowledge that false representations have been made must be ascertained within the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the

beneficiary that it will no longer be bound by the policy'': Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 509.

The agent's demand that plaintiff release her rights under the policies as a condition of receiving from him the premiums that had been paid was not a declaration that the company would no longer be bound by the policies; for if that had been the purpose it would have been unnecessary to insist on a release of her rights under the policies. The company cannot consider the policies ineffective because of fraudulent misrepresentation and at the same time consider them effective for the purpose of requiring a release of the liability imposed by them. There was no abuse of discretion in dismissing defendant's motion for a new trial; if the case had been re-tried pursuant to defendant's motion, and defendant had offered the evidence shown in the depositions (the purpose of which was to advise the court what could be shown) defendant's evidence would still have fallen short of what was necessary to be shown and it would not have supported the averment of the affidavit that defendant cancelled the contracts and tendered back all the premiums received.

Appellant asserts that the two-year period created by the contract is a short statute of limitations in favor of the insured, but that plaintiff is not entitled to assert its provisions in her favor because ''......if the insured is to derive any benefit therefrom he [she] must specifically raise and rely upon it both in his [her] pleadings and at the trial of the case......'' The brief also asserted that by not so ''pleading'' it, she ''waived its provisions purposely.'' There is no foundation for the suggestion. It is the defendant, not the plaintiff, upon whom the Practice Act (1915 P. L. 483, section 3) puts the burden of averring the statute of limitations in an affidavit of defense, if that defense is relied on.

There is no evidence that plaintiff waived any rights. Defendant had averred a discovery (though precisely when is not stated) of the misrepresentations and the consequent rescission of the contract. It offered evidence of the alleged misrepresentation, and while, from that evidence, the jury might have found that there was other insurance on the life of the insured the existence of which was concealed from defendant, there was evidence on the part of plaintiff that the insured himself could neither read nor write and that he and the plaintiff had been misled by the conduct of defendant's agent who solicited and obtained the application, but no reason is apparent why defendant in litigating after the two-year period did not prove rescission within that time if such had been the fact. A prima facie case having been made out by the proof of delivery of the policies, that proof of death was duly made, that the premiums had been paid, it was not necessary for the plaintiff to anticipate that the defendant might attempt to prove an allegation in the affidavit of defense which the depositions subsequently showed defendant could not prove. On the prima facie case made, no part of which was contradicted, plaintiff was entitled to the benefit of her contract that save for non-payment of premiums there should be no contest on the policies after two years, and it is immaterial whether (as appellant suggests) or not, the point was first thought of by the learned trial judge. The point was not waived by or lost to plaintiff; a trial judge is not an impassive umpire at the trial but should actively participate in the administration of justice. Nor for the same reason is there anything in appellant's argument that plaintiff waived the benefit of the provision in question by permitting the evidence of misrepresentation and concealment to go into the record without objection.

Judgment affirmed.