### BARNES v. ÆTNA LIFE INS. CO. et al.
(No. 9173.)

Court of Civil Appeals of Texas. Galveston.
May 15, 1928.

Rehearing Denied June 7, 1928.

**1. Insurance ⬤⟶400—Incontestable provisions of policy held inapplicable to disability provision of rider, where insured suffered disability before effective date of rider.**

Where employee, insured under group insurance policy taken out by employer, became totally and permanently disabled prior to effective date of rider increasing disability insurance and such rider provided that only those total and permanent disabilities commencing after date of rider were covered, *held*, that rider did not cover insured's disability, and hence incontestable provisions of policy had no application to total and permanent disability provision of rider.

**2. Insurance ⬤⟶371—Insured excluded from claiming disability insurance by provisions of policy held not entitled to set up estoppel against insurance company.**

Where, by terms of group life insurance policy taken out by employer, insured employee's claim for disability insurance under rider was excluded because disability occurred before effective date of rider, *held*, that insured employee cannot establish such benefits as are claimed by him on ground that insurance company was estopped by certain enumerated acts from denying its liability under the rider.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by Clyde H. Barnes against the Ætna Life Insurance Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. S. Bracewell, of Houston, for appellant.

Baker, Botts, Parker & Garwood, Y. D. Mathes, and S. H. German, all of Houston, for appellees.

LANE, J. For the purpose of presenting the issues involved in this appeal, we make the following statement, which we think is a substantial statement of the nature of the case and the facts relative thereto:

The Ætna Life Insurance Company, on the 15th day of April, 1920, in consideration of applications of the Humble Oil & Refining Company and Humble Pipe Line Company, and in further consideration of the payment of a semiannual premium of $1,786.67 by said companies, issued to said companies what was and is known as a group policy, numbered 1453, whereby the insurance company agreed to pay a certain sum of money on due proof of the death of any employee of said companies. One of the provisions of the policy is as follows:

"Upon request of the employer, the company will issue for delivery to each employee insured hereunder an individual certificate which shall state the amount for which such employee is insured."

In addition to the life insurance provision of the policy, it also contains recitals to the effect that in the event an employee becomes permanently and totally disabled from performing his labors, he should be entitled to a certain additional insurance to be paid him personally, the amount thereof to be based upon the length of service of the respective employee.

Effective as of date December 15, 1923, a rider, designated as rider "S," was attached to and became a part of the policy. Under such rider certificates were issued to certain able-bodied employees of the oil and pipe line companies entitling them to a certain increased disability insurance in the event they should become permanently and totally disabled from performing their labors during the life of such rider; that is, should they become so disabled after the date such rider became effective.

Effective as of date January 15, 1925, another rider, designated as rider "SA," was attached to and became a part of the group policy.

The employers requested the insurance company to issue certificates to certain of their employees, appellant Clyde H. Barnes being one of them, entitling them, respectively, to a certain increased disability insurance to be paid in the event they should become permanently and totally disabled from performing their labors. Such certificate was issued by the insurance company to Barnes, and among others contained the following provisions:

"The general provisions of group policy No. 1453 providing for payments to insured in case of permanent total disability, shall also apply to the same extent and as fully in connection with this additional insurance, except that permanent total disability of the insured as respects the benefits provided by this rider must commence after the effective date of the employee's insurance under this supplementary additional insurance rider. The general provisions of said group policy referring to the issuance of certificates, new certificates and riders to certificates, and to the conversion of insurance upon termination of employment shall also supply to the same extent and as fully in connection with this additional insurance."

"To entitle any such employee to the additional insurance provided by this further supplementary additional insurance rider the employee shall make proper written application therefor to the employer within sixty days immediately following January 15, 1925, or within thirty days immediately following the date additional insurance is effective under and by virtue of the original supplementary additional insurance rider in the case of those employees whose original additional insurance becomes effective subsequent to January 15, 1925."

Group policy No. 1453, issued by the insurance company to the employers, provides that all applications for insurance shall contain the following:

"Said persons proposed to be insured are now working for the employer on full time and for full pay and are all in good health at the present time, to the best of the applicant's knowledge and belief. It is not expected to have this insurance cover any person who is now temporarily absent from regular duties on account of poor health, but any such person may be hereafter insured in accordance with the conditions of the policy hereby applied for, if the company (meaning the defendant) is notified that such person has recovered."

Said policy also provides that it should be incontestable after one year from its date of issue except for nonpayment of premiums.

Anticipating that a rider subsequent to rider S providing for additional or increased disability insurance to the employees of the oil company would be agreed upon between the employers, the holder of the group policy, and the insurance company, appellant Barnes on the ——— day of November, 1924, made application for a certificate to increase such disability insurance as he might be entitled to under the group policy and such riders as were or might be attached thereto by reason of his continued service to his employers, and, as already stated, rider SA was thereafter agreed upon, to be effective as of date January 15, 1925.

On or about the 20th day of December, 1924, Barnes became afflicted with a disorder of the stomach which rendered him permanently and totally unable to perform his labors. Appellant at such time held certificates entitling him to disability benefits under the terms of the original or group policy and also under the terms of rider S. It is admitted that appellant has been paid all he was en-

titled to receive under the provisions of the original group policy and rider S.

Upon the request of his employers therefor, a certificate was issued to appellant under rider SA soon after it went into effect, at which time he was totally and permanently disabled from performing his labors; but the fact that he was so disabled was unknown to the insurance company. From about December 20, 1924, appellant was permanently and totally disabled from performing any services for his employer, and while under such disability he did, on the 18th day of November, 1925, and upon several dates thereafter, make demand upon the insurance company for payment, under the total permanent disability provision of the policy, of the sum of $3,200, which he claimed was due him under the provisions of rider SA.

Upon such demand being refused, appellant brought this suit against the insurance company, the Humble Pipe Line Company, and the Humble Oil & Refining Company to recover the sum demanded, for the statutory penalty of 12 per cent., and for attorney's fees. Upon trial before the court without a jury judgment was rendered for the defendants. Barnes has appealed.

The trial court filed the following findings of fact:

"1. The plan for additional insurance evidenced by rider 1453–SA did not become effective until January 15, 1925.

"2. At that date appellant was totally and permanently disabled. .

"3. According to the plain provisions of rider 1453–SA, in order for appellant to obtain the benefits of additional insurance for permanent total disability, such permanent total disability must commence after January 15, 1925.

"4. Prior to January 15, 1925, appellee had printed at its office in Hartford, Conn., certificates evidencing the amount of additional insurance the various employees of Humble Oil & Refining Company, consisting of several thousand, were entitled to, and one of these certificates, containing the name of appellant, along with certificates containing the names of all other employees of said company, was sent to the Humble Oil & Refining Company. This printed certificate was delivered by Humble Oil & Refining Company to appellant some time about January 15, 1925. The Humble Oil & Refining Company paid the premiums due appellee for the group of employees, including appellant, but appellee knew nothing about the condition of appellant or the circumstances concerning his employment until appellant made application for payment of permanent total disability benefits on November 18, 1925.

"5. That rider SA contained the same provisions with reference to the payment of premiums as did rider S; that plaintiff was charged the same premiums for insurance issued under rider SA as other employees similarly situated, and who were covered for both death and permanent disability."

He also filed the following conclusions of law:

"I. I conclude that as to the plaintiff, the SA rider to policy 1453 never became effective, he having been totally and permanently disabled before it took effect.

"II. That the incontestable provision of the original policy has no application to the total and permanent disability provisions of the SA rider to such policy..

"III. Defendant insurance company is not estopped to deny liability under such rider."

[1] By his first proposition appellant insists that the court committed reversible error in holding that the incontestable provisions of the policy had no application to the total and permanent disability provision of rider SA. We overrule appellant's contention. The finding of the trial court that appellant became totally and permanently disabled on the 24th day of December, 1924, a date prior to the effective date of rider SA, is amply supported by evidence. Rider SA, which became effective on the 15th day of January, 1925, makes no provision for payment of any kind of benefit for disabilities suffered prior to its effective date, but to the contrary, by a paragraph of the original group policy, which is made a part of rider SA, it is provided that total and permanent disabilities covered by such rider are those only which commence after the effective date thereof, and no others. It is clear, we think, that the certificate held by appellant under rider SA did not cover the total permanent disability of appellant, which began prior to the effective date of such rider, and therefore the incontestable provision of the policy has no application to the questions here involved.

[2] By his second proposition appellant insists that the insurance company was estopped by certain enumerated acts from denying its liability under rider SA. An answer to such contention is that by the terms of the policy appellant's claim for disability insurance under rider SA is excluded. Under such circumstances, such benefits as are claimed by appellant cannot be established by estoppel, especially so when the undisputed evidence shows that the policy, in addition to its provision for disability insurance, also provided for life insurance, to maintain which all payments of premiums made were necessary payments to keep in force the life provisions of the policy.

John Smith, general agent of the insurance company, testified that the premiums paid under the SA rider were the same whether the person covered is covered for death only or is covered for disability as well as death.

As the certificate of additional insurance under rider 1453–SA did not include benefits for total disability in favor of appellant, the question whether or not Humble Oil & Refining Company was agent for appellees becomes wholly immaterial.

For the reasons above expressed, the judgment is affirmed.

Affirmed.