AMERICAN HOME FOUNDATION, INC., Plaintiff, *v.* CANADA LIFE ASSURANCE COMPANY, Defendant.

Supreme Court, New York County, November 10, 1931.

*John J. Cunneen,* for the motion.

*Samuel Hershenstein,* opposed.

WASSERVOGEL, J.  Defendant moves to strike out that part of the second amended reply designated therein as " second separate and distinct affirmative reply to the defense contained in the answer," for legal insufficiency.  The action is brought by plaintiff, as beneficiary of a policy of insurance issued by defendant January 9, 1929, on the life of one Wallace R. Chapin, an officer of plaintiff, in the sum of $25,000.  The policy contains the following provision: " During the first two years of this policy the assured may not engage in any branch of aeronautics or make any aerial flights whatsoever, otherwise than as a passenger who is not owner of the conveyance, without the written consent of the company and the payment of such extra premiums as the company may determine. Should the death of the assured occur during the first two years of this policy directly or indirectly as a result of his so engaging in any branch of aeronautics or of making the aerial flights referred to above without paying the extra premium required by the company, the liability of the company shall be limited to the return of all premiums paid."

Defendant brings itself within the provisions of the coverage limitation by alleging " that the said Wallace R. Chapin did engage in aeronautics and did make aerial flights otherwise than as a passenger who was not the owner of the conveyance without obtaining the written consent of the defendant and without making any payment of extra premiums whatsoever; and that on the 10th day of May, 1930, the assured, Wallace R. Chapin, was making an aerial flight and was alone in the aeroplane operating same and not a passenger therein; and was operating and flying said aeroplane alone at a high altitude from the earth when said aeroplane fell and crashed with great force and violence, causing injuries to the said Wallace R. Chapin from which he died on May 11, 1930." Plaintiff in its second amended reply pleads an incontestability clause in the policy in order to defeat the defense of limitation of coverage. The clause reads as follows: " Incontestability. After two full years from its date of issue this policy shall, subject to the payment of premiums and to the terms of such disability and double indemnity benefit privileges (if any), as form a part of this contract, be incontestable." This clause merely provides after two years from date of issue the policy, subject to payment of premiums, to terms of disability and double indemnity privileges, shall be incontestable.

In *Matter of Metropolitan Life Ins. Co.* v. *Conway* (252 N. Y. 449) it was held that the limitation of coverage provision is not affected by the incontestability clause. Defendant is not contesting the policy because of anything involved in its inception. It is insisting that the terms of the policy be carried out.

Motion granted. Order signed.