Ludwinska, Appellant, v. John Hancock Mutual Life Insurance Co.

Argued September 28, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas S. Lanard,* for appellant.

*Ira Jewell Williams, Jr.,* of *Brown & Williams,* and with him *Guy K. Stewart* and *Charles M. Willits,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1934:

This appeal is from the refusal of the learned court below to enter judgment for want of a sufficient affidavit of defense in a suit brought on a policy of insurance on the life of Victoria Ludwinska, issued on October 29, 1930, wherein the plaintiff was named as beneficiary.

The policy contained the following incontestable clause: "After this policy shall have been in force during the lifetime of the insured for a period of two years from date of its issue, it shall be incontestable,

except for non-payment of premium, or for failure to have the policy endorsed in case of previously issued insurance as herein provided, for insurance in excess of the amount permitted by the provisions hereof, or for error in age.'' There was also a provision that if the insured had been rejected for insurance; or had attended any hospital engaged in the care or cure of human health or disease; or had been attended by any physician within two years before the date of the policy, for any serious disease, complaint or operation; or had before that date any pulmonary disease, cancer, etc., the policy would be void.

An affidavit of defense was filed denying that plaintiff was the holder of a policy of insurance issued by the defendant company on the life of Victoria Ludwinska. It averred that the alleged policy of insurance purported to have been issued on the life of Victoria Ludwinska, but denied that she was the party insured or the person who signed the application for insurance, averring that one, Bertha Ludwinska, was substituted as the applicant and as the insured, and that the policy was never valid or in force. Defendant averred further that Victoria Ludwinska was not in sound health on the date of the policy as she had been admitted to the Pennsylvania Hospital for the Mentally Deficient at Byberry on March 4, 1926, where she remained constantly until December 23, 1930; that within three weeks prior to the issuance of the alleged policy she had been admitted to the Philadelphia General Hospital with a serious disease; that upon discovery of the facts averred, defendant, on September 15, 1933, tendered to the plaintiff the total amount of premiums paid on the insurance policy, together with interest, and demanded the return and cancellation of the policy, but plaintiff refused to accept the tender and return the policy.

Accepting the truth of defendant's averments,

fraud, materially affecting the risk, was committed in giving false answers as to the state of health, medical treatment, etc. It was defendant's duty, however, to investigate within the two-year-period to ascertain if deceit had been practiced. If defendant had moved to protect itself from such imposition within that period, and the facts now alleged had been discovered, the contract would have been declared invalid. The very purpose of an incontestable clause is to give assurance to the insured that after the lapse of the two-year-period the validity of the policy will not be attacked, except for the express reasons therein mentioned. If the defendant had desired to safeguard itself further, it should have so stipulated.

Mr. Justice KEPHART, in Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 124 A. 171, in discussing that incontestable clause, in substance the same as we have before us, said: "The great weight of authority supports the position that the insurer must at least disavow liability within the contestable period to be relieved,—not necessarily by legal action, but some definite step, specifying the ground of complaint, in such form as to effect a cancellation of the contract. The clause means precisely what its language states: the policy will not be challenged, opposed or litigated, and is indisputable after two years. During this period, the company may contest it for any sufficient reason. The incontestable clause is for the benefit of the insurer, in that it induces people to insure in the company, and requires no act of the insured to put it in motion or aid in the discovery of facts on which it may fasten to the insurer's benefit. Therefore insured's death within the time does not stop investigation or relieve of the duty to investigate false representations or other fraudulent circumstances on which the policy is based. The knowledge that false representations have been made must be ascertained within

the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policy."

Judge RICE, in Central Trust Co. v. Fidelity Mutual Life Ins. Co., 45 Pa. Superior Ct. 313, 317, in discussing the effect of an incontestable clause, said: "Its purpose is not to preclude inquiry into the truthfulness of good faith of the statements made in the application, but to fix a time within which such inquiry shall be made. This is unquestionably a matter concerning which the parties may contract, and such contracts have been upheld as reasonable and proper, and not against public policy." In Reagan v. Union Mutual Life Ins. Co., 189 Mass. 555, 76 N. E. 217, 2 L. R. A. (N. S.) 821, cited in the Central Trust Company case, it is said: "Such a provision (incontestable clause) is reasonable and proper, as it gives the insured a guaranty against possible expensive litigation to defeat his claim after the lapse of many years and at the same time gives the company time and an opportunity for investigation to ascertain whether the contract should remain in force. It is not against public policy as tending to put fraud on a par with honesty." See, also, Lawler v. Home Life Ins. Co., 59 Pa. Superior Ct. 409, where the policy of insurance contained an incontestable clause, which was enforced, although the insured misrepresented to the company the facts as to his use of intoxicating liquor. In the recent case of Cohen v. Metropolitan Life Ins. Co., 112 Pa. Superior Ct. 314, 171 A. 106, the company, as in this case, defended on the ground that the insured had misrepresented her physical condition. We held that the incontestable clause precluded this defense. See, also, Gorski v. Metropolitan Life Ins. Co., 88 Pa. Superior Ct. 326; Mitchell v. Pa. Mutual Life Ins. Co., 90 Pa. Superior Ct. 426.

The policy in this case contained the following provision: "This policy shall not take effect unless upon its date the insured shall be alive and in sound health and the premium duly paid." The defense takes the position that a condition precedent was not performed, so that the policy was never in effect; that in such respect it differs from the Feierman case (279 Pa. 507), which concerns a misrepresentation as to having been refused insurance by the company. It is unnecessary to discuss the difference between conditions precedent, warranties, etc. Sufficient to say that this defendant company can not now say that the policy was never in effect. It weekly demanded and received payment of the premium without any question as to the validity of the policy until after the death of the insured. Then, as averred by defendant, demand was made for the return and cancellation of the policy. But it was too late; there had been a recognition of its existence too long to repudiate the contract and disavow liability on the ground that statements in the application were untrue. The payment of the premium and the delivery of the policy would not have been binding on the insurer (Landy v. Phila. Life Ins. Co., 78 Pa. Superior Ct. 47) if the questions of sound health, etc., were now disputable. But, as heretofore pointed out, at the end of two years, the defendant agreed that those matters could not be questioned. It is now concluded thereby; the policy at the expiration of that time was a valid and existing contract: Brady v. Prudential Ins. Co., 168 Pa. 645, 32 A. 102; Feierman v. Eureka Life Ins. Co., supra.

Panopoulos v. Metropolitan Life Ins. Co., 96 Pa. Superior Ct. 325; Robinson v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 152; and Youngblood v. Prudential Ins. Co., 109 Pa. Superior Ct. 20, 165 A. 666, relied upon by appellant, are not controlling, as the

effect of an incontestable clause was not involved or considered in any of those cases.

The order discharging the plaintiff's rule for judgment is hereby reversed, and judgment is now directed to be entered for the plaintiff.