# Mayer v. Prudential Life Insurance Company of America, Appellant.

Argued October 7, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Kendall H. Shoyer,* with him *Frederick J. Shoyer,* for appellant.

*John Ryan,* for appellee.

OPINION BY JAMES, J., April 16, 1936:

The Prudential Insurance Company of America issued a policy dated January 29, 1932 in the sum of $5,000 upon the life of Kenneth Beecher Mayer. Among other provisions the policy provided for total disability benefits, and the pertinent clauses involved herein are as follows: "PROVISIONS AS TO TOTAL AND PERMANENT DISABILITY BEFORE AGE 60: The disability benefits ...... will be granted by the company if the insured shall become totally and permanently disabled from bodily injury or disease ...... *provided,* ...... (c) that such total disability shall occur after the payment of the first premium on this Policy, while the Policy is in full force and effect ......

"INCONTESTABILITY.—This Policy shall be incontestable after two years from its date of issue, except for non-payment of premium, but if the age of the Insured be misstated the amount or amounts payable under this Policy shall be such as the premium would have purchased at the correct age."

Plaintiff brought suit on December 7, 1934 and in his statement averred that the payment of the first premium under the policy was made on January 29, 1932, and the premiums for the policy years 1933 and 1934 were duly paid; that on December 6, 1932, he suffered an attack of glaucoma which was followed by the formation of cataracts, as a result of which he has been totally and permanently disabled from engaging in any occupation; that on January 29, 1934, written notice was given to the defendant of the total disability. Defendant averred in its affidavit of defense that the policy upon which suit was brought was issued on February 16, 1932 bearing date of January 29, 1932, but delivered to plaintiff on or about February 24, 1932, at which time the first premium was paid. It further averred that on or about February 24, 1932, plaintiff was suffering from glaucoma in both eyes and that on and before February

24, 1932, the eyesight of the plaintiff was so poor and his percentage of vision was so small that plaintiff was on that date totally and permanently blind within the terms of the policy provisions and that it had no knowledge of the existence of plaintiff's permanent and total disability until it made an investigation following receipt of plaintiff's claim on February 5, 1934. Plaintiff's rule for judgment for want of a sufficient affidavit of defense was made absolute, the court below holding that the incontestable clause of the policy applied to the disability benefits as well as to the death and accidental benefits. From the judgment entered, the insurance company has appealed.

An incontestable clause in a policy of life insurance has long been recognized as being a proper provision and enforceable for the benefit of the insured: Brady v. Prudential Ins. Co., 168 Pa. 645, 32 A. 102; Central Trust Co. v. Fidelity M. L. I. Co., 45 Pa. Superior Ct. 313; Lawler v. Home Life Ins. Co. of Am., 59 Pa. Superior Ct. 409; Gorski v. Metropolitan Life Ins. Co., 88 Pa. Superior Ct. 326; Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 124 A. 171. The Act of May 17, 1921, P. L. 682, 40 PS §510, prescribing uniform policy provisions, provides: "No policy of life or endowment insurance ...... shall be issued ...... unless it contains, in substance, the following provisions: (c) A provision that the policy shall be incontestible [incontestable] after it has been in force, during the lifetime of the insured, two years from its date of issue, except for nonpayment of premiums, and for engaging in military or naval service in time of war without the consent in writing of an executive officer of the company"; which provision was amended by the Act of July 15, 1935, P. L. 1020 by adding thereto, "and that, at the option of the company, provisions relative to benefits in the event of total and permanent disability, and provisions which grant additional insurance specifically against death

by accident, may also be excepted." As the policy was issued and suit was instituted prior to the adoption of the amendment, we need not discuss its meaning on the present appeal. The real purpose of an incontestable clause is to prevent any defense which may be raised by the insurance company against the validity of the policy, such as fraud, misrepresentation and condition of health arising in connection with the issuance of the policy; but as to such provisions and conditions as necessarily must relate to matters which arise after the issuance of a policy and which do not affect the validity of the policy itself, the incontestable clause has not been applied. In Brady v. Prudential Ins. Co., supra, at page 650, in an opinion by Justice WILLIAMS, the court said: "The provision in the ninth clause (the incontestable clause) which was relied upon to show that the policy was incontestable did not amount to a confession of judgment. It did not deny to the company the right to defend against an action brought upon the policy, except in so far as the defense might rest on a denial of the validity of the policy itself. All other lines of defense remained open to it." In Hall v. Life Assn., 19 Pa. Superior Ct. 31; Collins v. Metropolitan Life Ins. Co., 27 Pa. Superior Ct. 353; Sargeant v. Insurance Co., 189 Pa. 341, 41 A. 351; Doll v. Prudential Ins. Co., 21 Pa. Superior Ct. 434; McCreighton v. American Catholic Union, 71 Pa. Superior Ct. 332; Ludwinska v. John Hancock Mutual Life Ins. Co., 317 Pa. 577, 178 A. 28; Robinson v. Metropolitan Life Ins. Co., 69 Pa. Superior Ct. 274; Starck v. Union C. L. Ins. Co., 134 Pa. 45, 19 A. 703, it was held that the incontestable clause does not apply to risks not assumed by the policy.

It will be noted that the defense set up does not in any manner attack the validity of the policy itself, but alleges that the total disability occurred prior to the payment of the first premium and, therefore, came within the express provision "that such total disability

shall occur after the payment of the first premium on this policy while the policy is in full force and effect ......" There is a clear distinction between contesting the validity of the policy and denying liability for the reason that disability had not occurred during the period covered by the policy and, therefore, a risk which was never assumed. The precise question raised has not been passed upon by our courts, although in Summers v. Prudential Ins. Co. of America, 319 Pa. 270, 179 A. 78 a clause, relating to a disability occurring after the issuance of the policy, was involved. However the weight of authority, in which this question has been passed upon, holds that the incontestable clause does not apply to all claims arising under the policy. This distinction is clearly set forth by Chief Justice CARDOZO of the New York Court of Appeals—now Justice of the Supreme Court of the United States—in Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642: "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. Like questions have arisen in other jurisdictions and in other courts of this state. There has been general concurrence with reference to the answer (Sanders v. Jefferson Standard L. Ins. Co., 10 Fed. Rep. (2d) 143; Flannagan v. Provident L. & A. Ins. Co., 22 Fed. Rep. (2d) 136; Wright v. Phila. L. Ins. Co., 25 Fed. Rep. (2d) 514; Scarborough v. Am. Nat. Ins. Co., 171 N. C. 353; Myers v. Liberty L. Ins. Co., 124 Kan. 191; Childress v. Fraternal Union of Am., 113 Tenn. 252; Brady v. Prudential Ins. Co., 168 Penn. St. 645; Illinois Bankers L. Assn. v. Byassee, 169 Ark.

230; Woodbery v. N. Y. Life Ins. Co., 129 Misc. Rp. 365; 223 App. Div. 272).

-".......'A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen' (Sanders v. Jefferson Standard L. Ins. Co., *supra,* at p. 144, citing and distinguishing Northwestern Life Ins. Co. v. Johnson, *supra*). Where there has been no assumption of the risk, there can be no liability (Hearin v. Standard L. Ins. Co., 8 Fed. Rep. (2d) 202; Mack v. Connecticut Gen. L. Ins. Co., 12 Fed. Rep. (2d) 416; Flannagan v. Provident L. & A. Ins. Co., *supra;* Wright v. Philadelphia L. Ins. Co., *supra;* Myers v. Liberty L. Ins. Co., *supra;* Draper v. Oswego Co. Fire Relief Assn., 190 N. Y. 12, 18). The kind of insurance one has at the beginning, that, but no more, one retains until the end."

The incontestable clause has been held not to apply to risks not covered by the policy in a large number of cases some of which are: Metropolitan v. Beha, 235 N. Y. Supp. 501, 226 App. Div. 408; Jolley v. Jefferson Standard Life Ins. Co. (S. C. N. C.), 154 S. E. 400; Scarborough v. American Nat. Life Ins. Co. (S. C. N. C.), 88 S. E. 482; Diamond v. New York Life Ins. Co., 42 Fed. (2d) 910; Head v. New York Life Ins., 43 Fed. (2d) 517; American Home Foundation v. Canada Life Ins. Co., 260 N. Y. Supp. 106; Maslin v. Columbian Nat'l Life Ins. Co., 3 Fed. Supp. 368. In the case of Apter v. Home Life Ins. Co., 266 N. Y. 333, 194 N. E. 846, in a suit upon a policy of insurance providing for disability benefits in which the insurer sought to show that the disability antedated the policy, the policy contained the provision that the disability benefits were payable "if ...... the insured has become and is totally and presumably permanently disabled by bodily injury occurring or disease originating after the date on which

this agreement becomes effective." The court in its opinion said: "The plaintiff must show that he is entitled to payment according to the stipulations of the policies (two policies). The coverage of the policies does not include the disability arising from disease which originated before the policies became effective." In actions upon policies, the language of which is quite similar to the language of the policy in question, it has been held that total and permanent disability, which existed prior to the time the insurance was applied for or the taking effect of the contract, was not provided for or covered by the policy of insurance: Peoria Life Ins. Co. v. Smith, 47 Fed. (2d) 279; John Hancock Mutual Life Ins. Co. v. Hicks, 43 Ohio App. 242, 183 N. E. 93; Barnes v. Aetna Life Ins. Co., 7 S. W. (2d) 946; United States v. Stevens, 64 Fed. (2d) 853; Schmidt v. United States, 63 Fed. (2d) 390; Smithpeters v. Prudential, 81 S. W. (2d) 392; Smith v. Prudential Ins. Co., 136 Kan. 120, 12 Pac. (2d) 793; Clardy v. Grand Lodge of Oklahoma, 132 Okla. 165.

In the cases of Ness v. Mutual Life Ins. Co., 70 Fed. (2d) 59; Mutual Life Ins. Co. v. Markowitz, 78 Fed. (2d) 396, and New York Life Ins. Co. v. Kauffman, 78 Fed. (2d) 398, relied upon by appellee, suits were instituted by the insurance company to cancel the disability provisions of the policy issued on the ground of false and fraudulent representations made by the insured; no question was raised that the policy did not cover the disability or that the risk was not assumed under the policy. They are, therefore, not controlling.

The provision of the policy relating to disability benefits has no relationship to the basis or conditions upon which the policy was issued, but clearly sets forth that they will be paid if such total disability shall occur after the payment of the first premium, while the policy is in full force and effect; from which it follows that if the disability occurred before the payment of the first

premium, the insured never acquired any insurance against such disability. Had the policy provided for payment of disability benefits, without restriction as to when such disability should occur, we have no doubt that the incontestable clause would apply; but we cannot apply the incontestable clause to disabilities which were not covered by the policy.

In the case of Elwood v. New England Mut. Life Ins. Co., 305 Pa. 505, 158 A. 257, relied upon by the court below, it was held, on the ground of public policy, that the incontestable clause had no application in a suit for disability suffered by assured's own hand while sane, and is not decisive of the question here involved. In view of our holding that the incontestable clause does not apply under the averments of the affidavit of defense, it is unnecessary for us to decide from what time the incontestable period began to run, whether from the date of the policy or the date of its delivery. Under the terms of the policy, it is plaintiff's duty to establish that the total disability he is suffering from occurred after the payment of the first premium while the policy was in full force and effect. For these reasons the court below was in error in entering a summary judgment.

Judgment reversed with a procedendo.