National Life and Accident Insurance Company,
Appellant, *v.* Kessler.

Argued October 17, 1935.

278

*Louis McCabe,* for appellant.

*J. Herman Kahn,* with him *Maxwell L. Kahn,* for appellee.

OPINION BY STADTFELD, J., December 18, 1935:

This is an appeal from the judgment of the Court of Common Pleas No. 2, Philadelphia County, GORDON, J., sustaining preliminary objections to plaintiff's bill in equity and amended bill in equity, and dismissing the bill and amended bill.

The bill averred that on January 13, 1933, plaintiff issued to Louis Kessler, husband of the defendant, its policy of insurance. This policy contained a provision for reinstatement in event of lapse because of default in premium payments upon presentation of evidence of insurability satisfactory to the company. It likewise contained a provision providing that except for nonpayment of premiums when due, the policy should be incontestable after two years from its date of issue.

That the contract of insurance was procured by fraudulent misrepresentations on the part of the insured regarding the state of his health.

That on July 14, 1933, the policy of insurance lapsed for non-payment of premiums and it was reinstated September 7, 1933, under the inducement of fraudulent

representations made in writing by the applicant as to the state of his health. Said application for reinstatement provided that the policy should not be reinstated, nor the insurance be in force, until notice of its reinstatement should be delivered to applicant during his good health; that if death should occur within one year after the reinstatement of the said policy, the insurance thereby provided should be avoided by any breach of any warranties contained in the application for reinstatement; that except as modified by the application for reinstatement, the insurance provided by the policy when reinstated should be subject to all the terms and conditions thereof, as if no default had occurred in the payment of a premium.

That the insured died November 15, 1934, as a result of diseases, the existence of which he had fraudulently concealed in the original application and in the application for reinstatement.

The bill further averred that thereafter, the defendant delayed and misled the plaintiff in its investigation as to the cause of death. On Monday, January 14, 1935, bill in equity was filed. Defendant's preliminary objections, based on want of jurisdiction and failure to take steps to rescind within two years of the date of issue of the said policy, were duly filed and an amended bill was filed. From the order sustaining these objections and dismissing the bill and amended bill, this appeal is taken.

For the purpose of this appeal, we must assume that the alleged misrepresentations were such as to have invalidated the policy at the option of plaintiff company. The policy, however, contained the usual incontestability clause, in the following language: "Except for non-payment of premium when due, for self-destruction as aforesaid and except for violations of the conditions of aforesaid supplementary contract (if any), this policy shall be incontestable after two years from its date of

280

issue." In his application for reinstatement, the insured again falsely declared that all the statements and answers contained in his original application for insurance were true, and also made certain additional false statements respecting his health, and agreed, respecting the additional statements, that if his death should "occur within one year after the reinstatement of said policy, the insurance thereby provided shall (should) be avoided by any breach of any of my (his) warranties or agreements herein (therein) contained."

The amended bill avers that plaintiff, in reliance upon the representations set forth in the application for reinstatement, reinstated the said policy.

The application for reinstatement contains the following relevant provisions: "As the basis of this application, and as part of the contract of reinstatement applied for, in behalf of myself and of every person who shall have or claim any interest in the reinstated policy, I hereby warrant and agree: (1) That all statements and answers contained in either section of my application for insurance in consequence of which said policy was originally issued, were, on the date of said application or section thereof, full, complete and true as therein written; (2) that all my statements hereinafter contained are full, complete and true, each printed statement to which no written exception is made being wholly true without exception; (3) that said policy shall not be reinstated, and the insurance therein provided shall not be in force, until the company shall signify its acceptance of this application by mailing to me a notice thereof during my life and good health; (4) that if my death shall occur within one year after the reinstatement of said policy, the insurance thereby provided shall be avoided by any breach of any of my warranties or agreements herein contained; ...... (6) that except as modified by this application, the insurance provided by said policy when reinstated shall be subject

to all the terms and conditions thereof, as if no default had occurred in the payment of a premium thereon."

Appellant contends that the policy in question was never effectively reinstated by reason of having been procured by fraud; by reason of not having been reinstated during the insured's good health, and that the policy as reinstated, is contestable at any time within two years of the date of reinstatement.

Whatever may be the decision in other jurisdictions, we have held in Rothschild v. N. Y. Life Insurance Co., 106 Pa. Superior Ct. 554, 162 A. 463, on page 567: "In our opinion, the reinstatement of a policy does not result in the issuance of a policy of insurance or in the making of a new insurance contract, but is simply the revival and restoration of the original policy or contract of insurance upon the conditions prescribed within itself."

Under the provisions of the original policy, it was the duty of the company to disclaim liability within the contestable period. As stated by Mr. Justice KEP-HART in Feierman v. Eureka Life Insurance Co., 279 Pa. 507, 124 A. 171, at pp. 508, 509: "The great weight of authority supports the position that the insurer must at least disavow liability within the contestable period to be relieved,—not necessarily by legal action, but some definite step, specifying the ground of complaint, in such form as to effect a cancellation of the contract ...... The knowledge that false representations have been made must be ascertained within the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policy."

The contract of reinstatement provided: "That if my death shall occur within *one year after the reinstatement* of said policy, the insurance thereby provided shall be avoided by any breach of any of my warranties or agreements herein contained." (Italics supplied.)

The policy in question lapsed for non-payment of premium on July 14, 1933, and was reinstated on September 7, 1933. The assured died November 15, 1934, more than one year after reinstatement. It is obvious, therefore, that the insurer cannot now question the alleged fraud in the reinstatement after the expiration of the one-year contestable period contained in the contract of reinstatement. The defendant desired to safeguard itself against fraudulent statements in the reinstatement and has stipulated that within one year of the reinstatement, the company should have the right to avoid the policy. The one-year period having expired and the company having done nothing within that period to right the alleged deceit practiced by the assured, it should not be permitted to do so thereafter.

If we regard the contract for reinstatement, not as a new contract of insurance, but as a waiver of the forfeiture, thus restoring the policy and making it as effective as if no forfeiture had occurred, it reserves the right of the company to avoid the effect of the reinstatement within one year from the time of reinstatement, by showing, if it can, that the reinstatement was induced by unfair and fraudulent means.

Appellant contends that the one-year contestable period, mentioned in the reinstatement application, shortens the entire period of contestability in the original policy. We do not agree with this interpretation. If the assured would have died within the two-year contestable period, as provided in the original policy, but beyond the one-year contestable period mentioned in the reinstatement, the insurer could have contested the policy for fraud committed in the original application, but not for fraud committed in the application for reinstatement. In the case at bar, both contestable periods had expired.

To apply the two-year contestable period contained in the original policy to the contract of reinstatement,

would be to ignore the one-year contestable period in the latter contract. We cannot rewrite the contract. Following the construction we have indicated, gives effect to both provisions and does no violence to either. If there be any ambiguity in the reinstatement provision, it should be resolved against the insurer.

Appellant further contends that it was necessary, under the terms of the application for reinstatement, as a condition precedent to reinstatement, for the assured to be in good health, and "that the said policy shall not be reinstated, and the insurance therein provided shall not be in force, until the company shall signify its acceptance of this application by mailing to me (him) a notice thereof during my (his) life and good health." Plaintiff's bill further avers that in reliance upon the representations, *the policy was reinstated.* If the representations were false or fraudulent, plaintiff must avail itself of its remedy within one year. Under any other construction, there would be no limit of time in which to contest it.

The same contention was made in the case of Ludwinska v. John Hancock Mutual Life Insurance Co., 115 Pa. Superior Ct. 228, 175 A. 283 (reversed on other grounds by the Supreme Court). In that case there was a provision in the policy that the contract of insurance should not take effect unless the policy was delivered to the assured while he was in sound health. The company sought to defeat the policy on the ground that when it was delivered, the assured was not in sound health, and therefore, the policy never took effect. This court, in an opinion by our Brother BALDRIGE, J., in dismissing this contention, said on page 233: "The payment of the premium and the delivery of the policy would not have been binding on the insurer (Landy v. Phila. Life Ins. Co., 78 Pa. Superior Ct. 47) if the questions of sound health, etc., were now disputable. But, as heretofore pointed out, at the end

of two years, the defendant agreed that those matters could not be questioned. It is now concluded thereby; the policy at the expiration of that time was a valid and existing contract: Brady v. Prudential Ins. Co., 168 Pa. 645, 32 A. 102; Feierman v. Eureka Life Ins. Co., (279 Pa. 507)."

Appellant contends that the appellee, beneficiary, cannot recover for the reason that she participated in the alleged fraud of the insured, and by falsehood and deceit, attempted to prevent the company from discovering the fraud and canceling the policy that by avoiding service of notice of cancellation of the contract within the time specified therein, she cannot invoke the incontestability clause. A similar contention was made, but relief denied thereunder, in the case of Southern Union Life Insurance Co. v. White, 188 S. W. 266 (Texas), the court saying at p. 268: "Appellant makes the proposition that the appellee cannot recover for the reason that she participated in the alleged fraud of the insured. It appears to us to be self-evident that if it is not permissible by reason of the incontestable clause to show that the insured committed fraud in obtaining the policy, it is not permissible to show that the beneficiary participated in such fraud. Upon this point see: Insurance Co. v. Whitehead, 123 Ky. 21, 93 S. W. 609, 13 Ann. Cas. 301 and Lynch v. Ins. Co., 150 Mo. App. 461, 131 S. W. 148."

We do not think that the court erred in sustaining the objections and dismissing the bill and amended bill.

The assignments of error are overruled and decree affirmed at costs of appellant.