## Joseph v. Mutual of Omaha

*L. B. Sacks,* for plaintiff.

*W. J. Fay* and *W. B. Gibbons,* for defendant.

McGLYNN, J., April 6, 1967.—This is an action in assumpsit, instituted by plaintiff to recover approximately $1,200 in medical expenses, in accordance with the terms of a medical insurance policy issued by defendant.

The case was tried without a jury, on April 7, 1966. On July 27, 1966, findings of fact and conclusion of law were filed, ruling in favor of defendant. Exceptions by plaintiff were dismissed by the court en banc, on March 6, 1967.

The policy in question was issued on September 10, 1962, pursuant to an application which disclosed that plaintiff had previously been treated for arthritis and other ailments. The application also referred to claims filed with the company under the terms of similar policies which had been in force in prior years. Among those claims was one for hospital care and treatment in April 1960, for a condition diagnosed as degenerative arthritis of both hips. During this hospital stay, an operation described as displacement-type osteotomy of the right hip was performed.

When the policy in question was issued, it contained, as part of the printed form, a definition of sickness, as follows: "Sickness means sickness contracted while this policy is in force . . ." This policy also had attached a typewritten endorsement which stated, in part, "this policy is issued with the understanding that benefits shall not accrue for disability resulting from arthritis, neuritis or rheumatism or disease of or injury to the right hip".

Plaintiff was hospitalized from December 22, 1963, to January 18, 1964, for arthritis, and surgery was performed on his left hip. It is this confinement and treatment which forms the basis of the claim in the case at bar.

Defendant denies liability on two grounds: (a) the sickness upon which the claim is based was contracted before the policy became effective, and (b) the benefits were specifically eliminated by endorsement. As to defendant's first contention, plaintiff argues that the endorsement, coupled with defendant's knowledge of the existing condition, constitutes a waiver of the "prior origin" defense. In support of this theory, he relies on cases in which the court held that an insurance company is estopped from voiding a policy on the grounds of misrepresentation and fraud, if the company had knowledge of the relevant facts even though not disclosed on the application. From this premise, plaintiff argues that defendant company is precluded from denying liability, where there is a full disclosure.

The difficulty with plaintiff's position is that, here, defendant is not seeking to avoid or rescind the policy. It acknowledges the validity of the policy, but asserts that by its terms it does not include benefits for sicknesses which originated prior to the effective date of the policy.

Myers v. Metropolitan Life Insurance Company, 152 Pa. Superior Ct. 507 (1943), and Mayer v. Prudential Life Insurance Company, 121 Pa. Superior Ct. 475 (1936), hold that provisions in an insurance policy excluding from coverage sicknesses originating prior to the effective date of the policy are valid and enforceable.

The record clearly supports a finding that the arthritic condition existed prior to September 10, 1962, and, therefore, defendant is entitled to judgment.

Having concluded that the defense of "prior origin" is available to defendant, it is not necessary to determine whether the endorsement effectively eliminated the sickness upon which the claim is based.